Gerard Sensi, Appellant *v.* Commonwealth of Pennsylvania, Appellee.

Submitted on briefs June 7, 1982, to President Judge CRUMLISH, JR. and Judges WILLIAMS, JR. and DOYLE, sitting as a panel of three.

*W. Boyd Hughes, Hughes, Nicholls & Moran,* for appellant.

*Ernest D. Preate, Jr.,* District Attorney, for appellee.

OPINION BY JUDGE WILLIAMS, JR., April 12, 1983:

Gerard Sensi has appealed from an order of the Court of Common Pleas of Lackawanna County ad-

judging him guilty of certain summary offenses and fining him $200. The trial court heard the matter *de novo,* after Sensi had appealed from guilty verdicts by a district justice.

At all times material to this case, Gerard Sensi was the owner and operator of a business establishment called the Ash Street Express, Limited (Express), which was located in the City of Scranton, Lackawanna County. The Express was described as being an after-hours discotheque and "juice bar." As a public place of entertainment, the Express had a capacity for about four hundred people.

On January 5, 1979, Officer George Murphy of the City of Scranton police filed two criminal complaints against Sensi, charging him with several violations of Scranton ordinances in the operation and maintenance of the Express. The violations allegely occurred on December 30, 1978.

The first criminal complaint charged that Sensi operated the Express as a dance hall without a city dance hall license, and that such constituted a violation under Article 319 of the Codified Ordinances of the City of Scranton. The second complaint charged Sensi with violating four provisions of Scranton's Building Code concerning the exitways of public buildings. That complaint alleged that Express did not have adequate means of egress for its patrons. Additionally, and more specifically, it was alleged that exitways at the Express were locked, blocked or otherwise obstructed, and that they were of deficient width. Scranton's Building Code represented an adoption by ordinance of "The BOCA Basic Building Code, Fifth Edition, 1970."

Each of the criminal complaints was issued in the name of the Commonwealth; and, each complaint bore a warrant for Sensi's arrest. According to the complaining police officer, some of the charges were

treated as being misdemeanors under the city's ordinances.

Acting on the complaints and warrants, the Scranton police arrested Gerard Sensi on February 11, 1979. At the ensuing preliminary hearing before a district justice, the prosecution took the position that the charges were summary criminal offenses and should be tried as such. Upon hearing the evidence, the district justice found Sensi guilty of all charges, and fined him $200.[1] From that conviction Sensi appealed to the Court of Common Pleas of Lackawanna County.

In the *de novo* proceedings before the Court of Common Pleas, Officer Murphy, who had filed the criminal complaints, testified as to certain observations he made while inside the Express on December 30, 1978. Murphy testified that he and other police officers went to the discotheque about 5:17 A.M. on December 30, in response to a call about a man with a gun. Murphy added that the police found nothing to confirm the gun report, but that he was ordered to make an inspection of the Express. He further testified that when he entered the establishment he saw about 150 patrons inside, and that many of them were dancing to records being played by an in-house disc jockey. In the course of inspecting the building, Murphy ascertained that there were five doors that could serve as exitways, but that four of them were locked and could not be opened. He also determined that one of the exitways was less than thirty inches wide.

Officer Murphy additionally testified that Mr. Sensi was present at the time of the inspection. According to Murphy, he asked Sensi if the Express had a dance hall license, and Sensi admitted that he had no such license.

---

[1] Actually, Sensi was fined $100 for each of the two ordinances allegedly violated, and was ordered to pay costs as well.

The prosecution next presented Joel Fink, who was the Director of Scranton's Department of Community Development. Mr. Fink was presented as an expert witness as to the requirements of Scranton's Building Code. According to this witness, it was unlawful under the Building Code to obstruct any doorway, hallway or passageway in a building.[2]

Defendant Sensi, testifying in his own behalf, conceded that on the date in question he had locked two of the exitways at the Express. He stated, however, that he had locked those doors to protect his patrons from the person with the gun. Sensi also admitted that he had never received a dance hall license; although, according to him, he had applied for one and had been given the impression that his license had been approved.[3]

On December 4, 1979, the trial court adjudged Sensi guilty of all the violations charged, and imposed a fine of $200. That judgment of sentence was followed by the instant appeal.

Section 6 of Scranton's Building Code sets forth the penalties for violations. According to that provision, any person violating the Code shall, upon conviction in a summary proceeding, be subject to a fine not exceeding $500 or to imprisonment for up to thirty days, or both.[4] Under Scranton's dance hall ordinance, Article 319 of the city's Codified Ordinances, it is unlawful to operate a dance hall without first having pro-

---

[2] The trial court took judicial notice of the provisions of "The BOCA Basic Building Code."

[3] There is nothing in the record to indicate that Mr. Sensi's alleged impression was other than self-induced; moreover, the weight and credibility of all his testimony was for the factfinder to determine.

[4] The penal section of the Scranton Building Code also provides that a fine shall not be less than $10; and that where imprisonment is ordered, it shall not be for less than five days.

cured a city license to do so. For a violation of that proscription, Article 319 provides that, upon conviction, an offender shall be fined not less than $25 nor more than $100. Article 319 further provides that, upon failure to pay the fine, a person may be imprisoned for up to thirty days.

Before this Court, one of the arguments advanced by the appellant is that the evidence below was not sufficient to prove him guilty of the offenses charged. Given the record before us, especially the evidence we have already recounted, we find that argument to be meritless.

The appellant's other contentions relate to the fact that the case below was initiated and prosecuted as a criminal proceeding. Regarding Scranton's Building Code, he asserts that the Code's treatment of violations as being summary offenses exceeds the authority conferred by the underlying state enabling statute. According to the appellant, the state enabling act permits only fines for violations of the city's Building code; and not prosecution as summary offenses, which are criminal.[5] He repeats that same argument with respect to Scranton's dance hall ordinance, and further opines that the penal provision in that ordinance does not even fit the definition of a summary offense. We find in these arguments no basis for reversing the judgment of the trial court.

As indicated, the appellant was sentenced by the trial court to pay fines that were within the limits prescribed by the ordinances in question. He does not assert that the fines imposed exceeded the maxima permitted by the state enabling acts. Hence, *even if* the

---

[5] The enabling statute for Scranton's Building Code is the Act of April 14, 1937, P.L. 313, *as amended*, 53 P.S. §§4101 *et seq.* Section 1 of that Act, 53 P.S. §4101, provides for penalties "not exceeding five hundred dollars."

enabling acts permitted only the imposition of fines, such a restriction would not invalidate the judgment in this case; because the only penalty imposed upon the appellant was the payment of fines authorized by law. *Plains Township v. Krasner,* 7 Pa. Commonwealth Ct. 56, 298 A.2d 627 (1972); *Commonwealth v. Schaeffer,* 98 Pa. Superior Ct. 265 (1930).

As an incidental matter, we should point out that the appellant is clearly wrong in asserting that Scranton's dance hall ordinance does not provide for criminal prosecution. The term "criminal proceedings" includes all actions for the enforcement of the penal laws; and the penal laws include any ordinances that may provide for imprisonment upon conviction or upon failure to pay a fine or penalty. *Borough of West Chester v. Lal,* 493 Pa. 387, 426 A.2d 603 (1981). Given the penalties set forth in the Scranton dance hall ordinance, proceedings to punish its violation are clearly criminal in nature. Also, it should be recognized that the state itself has a "Dance Hall Act" that proscribes, in cities of First and Second Class, the operation of a public dance hall without a municipal license.[6] The penalty provided for in the state "Dance Hall Act" is a fine of up to $300, upon *summary conviction,* or imprisonment of up to thirty days for nonpayment of the fine.[7] As a City of the Second Class A, Scranton had the legal power to enforce its own dance hall ordinance with penal provisions consistent with those contained in the state statute.[8]

For the reasons set forth in this opinion, the judgment of sentence entered by the trial court is affirmed.

---

[6] Act of May 16, 1919, P.L. 193, *as amended,* 53 P.S. §§4731 *et seq.*

[7] 53 P.S. §4742.

[8] *See* Section 2, Act of June 25, 1895, P.L. 275, *as amended,* 53 P.S. §102; and Section 3, Act of March 7, 1901, P.L. 20, *as amended,* 53 P.S. §23158.

ORDER

AND Now, the 12th day of April, 1983, the judgment of sentence entered by the Court of Common Pleas of Lackawanna County, Criminal Division, on December 4, 1979, at No. 357 of 1979, is affirmed.