650 A.2d 1176

**COMMONWEALTH of Pennsylvania**

v.

**William S. KARN, Appellant.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 2, 1994.

Decided Nov. 21, 1994.

William S. Karn, pro se.

Michael Georgalas, for appellee.

Before PELLEGRINI and FRIEDMAN, JJ., and DELLA PORTA, Senior Judge.

FRIEDMAN, Judge.

William S. Karn, *pro se*, appeals from an order of the Court of Common Pleas of Allegheny County (trial court), which found Karn guilty of violating Borough of Bellevue Ordinance No. 83–18 (Ordinance) [1] for failing to conform certain building work to an approved application and plan for which a building permit had been issued. In accordance with Section 117.4 of

---

1. The Ordinance adopts certain sections of the Building Officials and Code Administrators Basic Building Code of 1981 (BOCA Code). The BOCA Code is a complete model code, dedicated to the improvement of construction regulations and designed for adoption by a state or local government which may make necessary additions, deletions and amendments in the adopting document.

the Ordinance,[2] the trial court ordered Karn to pay a fine of $10,000 and applicable costs.

Karn now contends that the trial court erred in assessing a fine against him because such a penalty is criminal in nature and the present action against him is civil in nature, which mandates solely a civil penalty.[3] We disagree.

Karn makes continual reference to a contract he had with the Borough of Bellevue and contends that any violation of that contract would constitute a civil breach and be covered by the civil law and penalties of contracts. The record, however, is devoid of any such contract. Here, we are not dealing with a breach of contract, but a finding of guilt due to a violation of the Ordinance.[4]

Moreover, in his brief, Karn mistakenly cites to the Pennsylvania Municipalities Planning Code (Planning Code), Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §§ 10101–11201, as the enabling legislation permitting the Borough of Bellevue to enact the ordinance at issue here. The Planning Code, however, empowers municipalities to adopt *zoning ordinances* that ensure a logical and well-reasoned approach to land development. *Schoepple v. Lower Saucon Township Zoning Hearing Bd.,* 154 Pa.Commonwealth Ct. 658, 624 A.2d

2. Section 117.4 of the Ordinance provides:

    *Violation penalties:* Any person who shall violate a provision of this code or shall fail to comply with any of the requirements thereof or who shall erect, construct, alter or repair a building or structure in violation of an approved plan or directive of the building official, or of a permit or certificate issued under the provisions of this code, shall be guilty of a summary offense, punishable by a fine of not more than Three Hundred Dollars ($300), or by imprisonment not exceeding thirty (30) days, or both such fine and imprisonment. Each day that a violation continues shall be deemed a separate offense.

3. Our scope of review in this case is limited to determining whether constitutional rights have been violated or whether the trial court abused its discretion or committed an error of law. *Pittsburgh v. Pivirotto,* 93 Pa.Commonwealth Ct. 563, 502 A.2d 747 (1985), *aff'd,* 515 Pa. 246, 528 A.2d 125 (1987).

4. The trial court found that Karn failed to complete the work in accordance with the approved plans despite continual verbal and written notification of the violation of the building permit application. (Trial court op. at 2.)

699 (1993). Here, the enabling act of Bellevue's Ordinance is the Borough Code, Act of February 1, 1966, P.L. (1965) 1656, *as amended*, 53 P.S. §§ 45101–48501. Specifically, section 1202(24) of the Borough Code, 53 P.S. § 46202(24), enables boroughs like Bellevue to adopt *building codes*, including provisions for enforcing such codes through the imposition of fines. Furthermore, Section 3301 of the Borough Code, 53 P.S. § 48301, provides:

> Any violation or failure to comply with any provision of any borough ordinance shall constitute a summary offense and prosecution for every such offense shall be according to the practice in the case of summary convictions.

Thus, pursuant to Section 3301 of the Borough Code and Section 117.4 of the Ordinance, Karn's violation constitutes a summary offense. Accordingly, the trial court did not abuse its discretion or commit an error of law in finding Karn guilty of a summary offense and assessing penalties accordingly. *Sensi v. Commonwealth*, 73 Pa.Commonwealth Ct. 363, 458 A.2d 638 (1983); *cf. Easton v. Marra*, 230 Pa.Superior Ct. 352, 326 A.2d 637 (1974).

Nevertheless, Karn cites two cases which he deems controlling here. The first, *Hampden v. Tenny*, 32 Pa.Commonwealth Ct. 301, 379 A.2d 635 (1977), involves the subdivision of land which, due to a municipal ordinance, required Tenny to make certain improvements. When Tenny refused to do so, the municipality filed a complaint in assumpsit under the Planning Code which authorizes a municipality to file such an action to recover expenses incurred by the municipality in completing improvements that the ordinance required Tenny to make. Here, however, we are dealing with a violation of a building code ordinance and accompanying enforcement penalties, which we have shown to be legal and proper under the Borough Code. *See West Chester v. Lal*, 493 Pa. 387, 426 A.2d 603 (1981).

The other case Karn cites is *International Union, United Mine Workers v. Bagwell*, —— U.S. ——, 114 S.Ct. 2552, 129

L.Ed.2d 642 (1994), *rev'g,* 244 Va. 463, 423 S.E.2d 349 (1992).[5] *Bagwell* involves the issue of civil and criminal *contempt* fines levied against a union for continually violating judicial orders and is in no way applicable or persuasive to the instant case.

■ Karn has simply refused to comply with the Ordinance and has been fined as a result. Because the trial court did not abuse its discretion or err as a matter of law, we affirm.[6]

### ORDER

AND NOW, this 21st day of November, 1994, the order of the Court of Common Pleas of Allegheny County, dated March 30, 1993 at Docket No. S.A. 3316 of 1992, is hereby affirmed.

---

**5.** At the time the parties filed their briefs, the United States Supreme Court had granted certiorari on *Bagwell.* However, on June 30, 1994, the Court issued its opinion reversing the judgment of the Virginia Supreme Court.

**6.** On page 9 of its brief, the Commonwealth cites *Harold Stauffer v. Commonwealth,* 149 Pa.Cmwlth. 650, 613 A.2d 189 (1992), an unreported opinion of this court. In doing so, the Commonwealth's attorney has violated Section 414 of our Internal Operating Procedures (I.O.P.), 210 Pa.Code § 67.55. Accordingly, we did not consider this case in making our determination.