COMMONWEALTH of Pennsylvania,
Township of Darby,
Pennsylvania

v.

John FAMIANO, Appellant.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 1, 2006.

Decided Jan. 31, 2007.

Michael Alan Siddons, Media, for appellant.

Michael P. Pierce, Media, for appellee, Township of Darby.

BEFORE: PELLEGRINI, Judge, and LEADBETTER, Judge, and FLAHERTY, Senior Judge.

OPINION BY Senior Judge FLAHERTY.

John Famiano (Famiano) appeals from an order of the Court of Common Pleas of Delaware County (trial court) which found Famiano guilty of violating Section 349, Article 8, Section 800 of the Township of Darby Zoning Ordinance (Ordinance) and imposed a $600.00 fine plus court costs. We affirm.

In 1983, Famiano purchased property within the B–Business District at Cooke and Academy Avenues. Famiano sought a special exception in order to construct two garages on the property. Famiano proposed to use one garage for his own automobile repair shop and either rent the other garage or use it for storage. The Darby Township Zoning Hearing Board (Board) granted Famiano's special exception request to construct the garages on the property. Famiano eventually built the garages.

For approximately twenty-three years, Famiano has operated an automobile repair business from one of the garages. The other garage has been rented to various businesses over the years.

In 2005, Famiano procured a new tenant for the garage. The tenant and Famiano then submitted an application for a "CERTIFICATE OF USE AND OCCUPANCY BUSINESS & LIGHT INDUSTRIAL".

The application described the proposed use as a "REPAIR SHOP (GAS–WELDING APPARATUS)". (R.R. at 40a.) On July 26, 2005, the Township Manager notified Famiano that the application was denied. The notice stated:

According to our Zoning Ordinance # 349, as amended, Article VIII, Section 800, I cannot approve your Use & Occupation application to operate a welding service. This area is zoned "B–Business", and a welding service is not allowed.

(R.R. at 42a.) No appeal was taken from this determination.

On August 30, 2005, a non-traffic citation summons was issued to Famiano. The summons listed the charge as "ORD 349 AS AMENDED" and described the nature of the offense as "OPERATING A BUSINESS IN VIOLATION OF ZONING ORDINANCE." (R.R. at 7a.)

A hearing was held before the local district court and Famiano was found guilty of operating a business in violation of the Ordinance. Famiano appealed and a de novo hearing was conducted before the trial court. At the conclusion of the hearing, the trial court found that Famiano violated Section 349 of the Ordinance, Article 8, Section 800, and imposed a fine and costs. This appeal followed.[1]

On appeal, Famiano argues that the trial court should have dismissed the charges against him because the citation issued denied him his right to sufficient notice of the nature of the unlawful act for which he was being charged. We disagree.

As Famiano correctly states, the right to formal notice of charges in a crimi-

---

1. Our review is limited to determining whether constitutional rights have been violated, or whether the trial court abused its discretion or committed an error of law. *Commonwealth v. Karn,* 168 Pa.Cmwlth. 435, 650 A.2d 1176 (1994).

nal proceeding is guaranteed by the Sixth Amendment to the United States Constitution. *Commonwealth v. Borriello,* 696 A.2d 1215, 1218 (Pa.Cmwlth.1997), *aff'd,* 555 Pa. 219, 723 A.2d 1021 (1999). This right to notice is applicable to every criminal offense, including summary offenses. *Commonwealth v. Feineigle,* 690 A.2d 748 (Pa.Cmwlth.1997).

■ Here, Famiano argues that the citation issued to him was defective on its face, as it failed to adequately apprise him of the charges against him. With respect to citations, Pa. R.Crim. P. 403 lists nine items of information that shall be contained in every citation. Among these is "a citation of the specific section and subsection of the statute or ordinance allegedly violated, together with a summary of the facts sufficient to advise the defendant of the nature of the offense charged...." Pa. R.Crim. P. 403(A)(6). We also observe that Pa. R.Crim. P. 109 further provides that a case shall not be dismissed because of a defect in a citation unless the defendant raises the defect before the conclusion of trial in a summary case "and the defect is prejudicial to the rights of the defendant."

The citation issued to Famiano informed him that he was in violation of "ORD 349 AS AMENDED" in that he was "OPERATING A BUSINESS IN VIOLATION OF ZONING ORDINANCE." Famiano argues that the citation is defective because ORD 349 is actually a collection of Ordinances and no specific violation was listed. Additionally, the citation's reference to operation of a business in violation of the Ordinance, failed to indicate what type of business was at issue.

■ With respect to a citation, it is not necessary that it lay out a blow-by-blow description of the events. *Commonwealth v. Stahl,* 296 Pa.Super. 507, 442 A.2d 1166 (1982). What is important is that the citation describe accurately the gravamen of the offense. *Id.*

We agree with the trial court that Famiano was aware of the basis of the citation and that he was not prejudiced by any alleged defect in the citation. The citation informed Famiano that he was operating a business in violation of the Ordinance. Prior to the issuance of the citation, Famiano's request for a use and occupancy permit for the premises for a repair shop (gas/welding apparatus) had been denied on July 26, 2005 and no appeal was thereafter taken. Yet, Famiano continued to permit his tenant to operate the business without the required permit. As Famiano permitted the business to operate on his premises despite being denied a permit to do so, it was not necessary for the citation to specifically describe the business which was in violation of the Ordinance.

■ Additionally, we agree with the trial court's determination that even if the citation contained defects, Famiano was not prejudiced. The necessary prejudice cannot be found if the content of the citation, taken as a whole, prevented surprise as to the nature of the summary offense on which a defendant was found guilty. *Commonwealth v. Neitzel,* 451 Pa.Super. 1, 678 A.2d 369 (1996).

Here, the citation apprised Famiano that he was operating a business in violation of the Ordinance. Given that the application for a use and occupancy permit had been denied for a repair shop business, yet Famiano did not appeal the denial and continued to allow the tenant to operate the business without the necessary permit, Famiano cannot claim surprise. As the trial court recognized, the record in this case clearly demonstrates that Famiano was well aware of the basis of the citation and was not prejudiced by any alleged defect in the citation.

In accordance with the above, the decision of the trial court is affirmed.

## ORDER

Now, January 31, 2007, the order of the Court of Common Pleas of Delaware County, in the above-captioned matter, is affirmed.