J-S68034-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| CHRISTOPHER BLUM, | : | |
| | : | |
| Appellant | : | No. 632 EDA 2014 |

Appeal from the Judgment of Sentence entered on January 14, 2014
in the Court of Common Pleas of Carbon County,
Criminal Division, No. CP-13-SA-0000065-2013

BEFORE:  ALLEN, JENKINS and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:              **FILED NOVEMBER 26, 2014**

Christopher Blum ("Blum") appeals from the judgment of sentence imposed after he was convicted of the summary offense of harassment,[1] concerning an incident involving the minor victim, E.S.M., Jr. (hereinafter referred to as "E.").  We affirm.

The trial court set forth the facts and procedural history underlying this appeal in its Opinion, which we incorporate herein by reference.  **See** Trial Court Opinion, 4/10/14, at 1-4.[2]

On appeal, Blum presents the following issues for our review:

1. Whether the [trial c]ourt erred in not dismissing the citation and sustaining the appeal when the citation stated the date

---

[1] **See** 18 Pa.C.S.A. § 2709(a)(3).

[2] In response to Blum's Notice of Appeal, the trial court ordered Blum to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, and Blum timely complied.

and time of the incident was June 29, 2013[,] at 1:50 PM, [but] the testimony of the witnesses was that nothing happened on that date or time[,] and Pa.R[.Crim.P.] 403 mandates that the date and time of the offense be inserted into the citation?

2. Whether the [trial c]ourt erred in finding [Blum] guilty when [he] was charged with [] harassment [] under section 2709(a)(3) of the [C]rimes [C]ode[,] which charged a continuing course of conduct[,] but the testimony produced was regarding a single incident and not even on the date and time contained in the citation?

3. Whether the [trial c]ourt unfairly prejudiced [Blum] by asking [E.] to identify [Blum] after the Commonwealth failed to do so in direct testimony?

4. Whether the Commonwealth met its burden of proving each element of the charge beyond a reasonable doubt?

Brief for Appellant at iv.

Blum first argues that the trial court should have dismissed the charge because the citation was defective as it did not set forth the actual date of the commission of the alleged offense,[3] in violation of Pennsylvania Rule of Criminal Procedure 403(A)(4).[4] *Id.* at 7-11. Although Blum concedes that "[a]ctual prejudice to a defendant [] is required before a summary case can be dismissed for defects to the citation," *id.* at 8-9 (citing *Commonwealth*

---

[3] It is undisputed that the citation was defective in this regard. The record reflects that the police officer who prepared the citation wrote thereon that the offense occurred on June 29, 2013, the date on which the officer took a written statement from E. In actuality, the offense had occurred a few days prior.

[4] Rule 403(A)(4) provides that "[e]very citation shall contain … the date and time when the offense is alleged to have been committed, provided however, if the day of the week is an essential element of the offense charged, such day must be specifically set forth[.]" Pa.R.Crim.P. 403(A)(4).

*v. Borriello*, 696 A.2d 1215, 1217 (Pa. Cmwlth. 1997)), he argues that he was actually prejudiced by this defect and the charge should have therefore been dismissed. **See** Brief for Appellant at 10-11. Specifically, Blum summarizes his somewhat confusing claim of prejudice as follows:

> In reviewing the citation as a whole, not only is the wrong date and time inserted per the Commonwealth's own testimony[,] but the citation itself in charging Harassment[, which,] pursuant to Section 2709(a)(3) of the Crimes Code[,] [] requires a course of conduct of an accused, states in the section of the citation put there to describe the nature of the unlawful actions that "To wit[, Blum] did harass, annoy or alarm another and engage in a course of conduct or repeatedly commit acts which serve no legitimate purpose." [Criminal Citation, 6/29/13.] According to the Commonwealth, [Blum] … committed an action on a different date and time than as is alleged in the citation[. Also, the Commonwealth] alleged a course of conduct but then refers to one date and time but later argues that the conduct occurred over a period of time[,] which is not contained in the citation[,] and for actions which are not specified. Certainly, the notice requirements of the nature of the charge filed against [Blum] have not been met. There is [] no possible way that any person could be apprised of the nature of actions described in this citation.

*Id.*

In its Pa.R.A.P. 1925(a) Opinion, the trial court thoroughly addressed Blum's claim, discussed the applicable law, and determined that Blum was not prejudiced by the defective citation and, therefore, not entitled to dismissal of the charge. **See** Trial Court Opinion, 4/10/14, at 5-10. We agree with the trial court's sound rationale and affirm on this basis with regard to Blum's first issue. **See id.**

- 3 -

Next, Blum contends that his conviction of harassment cannot stand because that offense requires proof of a "course of conduct," but, in the instant case, E. testified that there was *only one* harassing incident between him and Blum. **See** Brief for Appellant at 11-12.

The crime of harassment is defined at 18 Pa.C.S.A. § 2709, which provides in pertinent part as follows: "A person commits the crime of harassment when, with intent to harass, annoy or alarm another, the person … *engages in a course of conduct* or repeatedly commits acts which serve no legitimate purpose[.]" 18 Pa.C.S.A. § 2709(a)(3) (emphasis added)). The statute defines the term "course of conduct" as "[a] pattern of actions composed of more than one act over a period of time, *however short*, evidencing a continuity of conduct." **Id.** § 2709(f) (emphasis added); **see also Commonwealth v. Lutes**, 793 A.2d 949, 961 (Pa. Super. 2002) (stating that "a single act will not constitute a course of conduct under the definition of harassment."). This Court has "explained that course of conduct by its very nature requires a showing of a repetitive pattern of behavior." **Commonwealth v. Leach**, 729 A.2d 608, 611 (Pa. Super. 1999) (citation and quotation marks omitted); **see also Commonwealth v. Duncan**, 363 A.2d 803, 805 (Pa. Super. 1976) (stating that "[section] 2709

- 4 -

requires *repetition* of the offensive conduct." (emphasis in original)).[5]

In the instant case, once Blum had E. in his apartment, he went into the kitchen to cook some food for E. N.T., 1/14/14, at 11-12. Blum retrieved a package of sausages from the refrigerator, opened his pants zipper, placed one of the sausages in the opening, and said to E., "Is it bigger than yours or bigger than mine?" **Id.** Blum then said to E., "You want to bite it off?" **Id.** at 12. E. replied in the negative. **Id.** Blum then stated to E., "You're sleeping here tonight[,]" to which E. replied "No, I'm not[.]" **Id.** Blum persisted, stating, "You can sleep in my bed." **Id.** E. again replied "No." **Id.** Blum's entreaties did not cease until E. left the apartment. **Id.** E. testified that Blum's conduct made him feel embarrassed and uncomfortable. **Id.**

In the apartment, Blum repeated his lewd and offensive conduct, despite E.'s unequivocal statements that he did not wish to remain with Blum or sleep with him. **See Leach**, 729 A.2d at 611 (stating that a course of conduct can be established by a repetitive pattern of behavior); **see also**

---

[5] Recently, an *en banc* panel of this Court, in **Commonwealth v. Kelly**, 2014 PA Super 243 (Pa. Super. 2014), engaged in a detailed analysis of the meaning of the phrase "course of conduct" as used in the grading provision of the corruption of minors statute, and held that "the use of the phrase 'course of conduct' in the first provision of [the statute] imposes a requirement of multiple acts over time, in the same manner in which the term is used in the harassment … statute[]." **Id.** at *14; **see also id.** at **16-17 (holding that the appellant could not properly be convicted of the felony grading of corruption of minors because the appellant's prohibited touching of the minor victim's genitals constituted only a single prohibited act, and not a course of conduct).

Trial Court Opinion, 4/10/14, at 11 (stating that "[i]n reviewing [E.'s] testimony, it is established that [Blum] continued the conduct even after it was obvious that [E.] was becoming increasingly uncomfortable. The conduct only ceased after E[.] stated that he wanted to leave and returned home."). This Court has held that "speaking can constitute a course of conduct within the meaning of the [harassment] statute, given the proper circumstances[.]" *Duncan*, 363 A.2d at 805 (holding that the appellant's conduct in repeatedly urging the victim to engage in unwanted sexual conduct with him, despite her repeated refusals and asking the appellant to leave, constituted a "course of conduct" that alarmed the victim); *see also id.* (stating that "[the victim's] replies made it clear, *or should have made it clear to a reasonable person*, that continued entreaties would be offensive to her."). We conclude that the circumstances presented in the instant case establish that Blum engaged in a course of conduct of harassing E. *See id.*; *see also Lutes*, 793 A.2d at 961 (where the appellant and his co-defendant confronted the victim outside of his workplace, blocked his path, and repeatedly threatened to fight him, despite the victim's requests to be left alone, holding that this constituted a "course of conduct" for the purpose of the appellant's harassment conviction). Accordingly, Blum's second issue lacks merit.

In his third issue, Blum asserts that the trial court erred and unfairly prejudiced him by asking E. to identify Blum for the record at the trial *de*

*novo*, when the Commonwealth had failed to ask E. to identify Blum during direct examination. **See** Brief for Appellant at 12-13 (arguing that the trial court judge's "insertion of himself into the proceedings by asking such a question on such a fundamental issue unfairly … prevented [Blum] from having a fair and impartial trial[.]").[6]

In its Opinion, the trial court addressed this claim and the applicable law, and determined that it did not err by asking E. to identify Blum for the record because it did not prejudice Blum. **See** Trial Court Opinion, 4/10/14, at 11-12. We affirm based on the trial court's analysis concerning this issue. **See id.**

Finally, Blum argues that the evidence was insufficient to find him guilty of harassment beyond a reasonable doubt because (1) E. never testified that he was annoyed or alarmed by Blum's alleged conduct; rather, E. only testified that he felt embarrassed and uncomfortable; and (2) the Commonwealth failed to establish that Blum's actions constituted a continuing course of conduct. **See** Brief for Appellant at 13-14.

The trial court addressed this claim in its Opinion and determined that Blum had waived it because Blum's "[Rule 1925(b) C]oncise Statement did not specify any elements of harassment nor did it address what evidence [Blum] was challenging as insufficient for the Commonwealth to have met its

---

[6] Blum concedes that he did not object to the trial court judge asking E. to identify Blum. Brief for Appellant at 13.

burden of establishing the elements of the crime." Trial Court Opinion, 4/10/14, at 13.

This Court has stated that "when challenging the sufficiency of the evidence on appeal, the [a]ppellant's [court-ordered Rule 1925(b) concise] statement must specify the element or elements upon which the evidence was insufficient in order to preserve the issue for appeal." ***Commonwealth v. Gibbs***, 981 A.2d 274, 281 (Pa. Super. 2009) (citations and quotation marks omitted); ***see also*** Pa.R.A.P. 1925(b)(4)(ii) (providing that "[t]he Statement shall concisely identify each ruling or error that the appellant intends to challenge with sufficient detail to identify all pertinent issues for the judge."). If the appellant does not specify such elements, the sufficiency claim is deemed waived. ***Gibbs***, 981 A.2d at 281.

Here, we agree with the trial court that Blum waived his sufficiency challenge based on his vague sufficiency challenge in his Concise Statement. However, even if this claim was not waived, we would conclude that the evidence was sufficient to convict Blum of harassment beyond a reasonable doubt. Specifically, we have already determined that Blum's actions toward E. constituted a continuing course of harassing and lewd conduct, and that the conduct only ceased when E. announced his desire to return home. Moreover, we are unpersuaded by Blum's claim that E.'s failure to specifically state that he was annoyed and/or alarmed by Blum's conduct meant that the Commonwealth did not prove the intent element of the

offense, and observe that Blum concedes that "it is not necessary to say magic words to get the requisite intent[.]"  Brief for Appellant at 14; *see also Commonwealth v. Melvin*, 2014 PA Super 181, at *83 (Pa. Super. 2014) (stating that "[t]he Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence.").

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/26/2014

IN THE COURT OF COMMON PLEAS OF CARBON COUNTY, PENNSYLVANIA
CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA,    :
                                 :
                vs.              :    No. SA-065-2013
                                 :
CHRISTOPHER R. BLUM,             :
                Defendant        :

Jean A. Engler, Esquire          Counsel for Commonwealth
Assistant District Attorney

Robert T. Yurchak, Esquire       Counsel for Defendant

## MEMORANDUM OPINION

Serfass, J. - April 10, 2014

Defendant, Christopher R. Blum (hereinafter "Defendant"), has taken this appeal from his conviction on one (1) count of the summary offense of harassment[1] following a trial de novo held on January 14, 2014. Defendant was sentenced to pay the costs of prosecution and a fine of one hundred dollars ($100.00). We file the following memorandum opinion in accordance with Pennsylvania Rule of Appellate Procedure 1925(a) and recommend that our Order of Sentence entered on January 14, 2014 be affirmed for the reasons set forth hereinafter.

## FACTUAL AND PROCEDURAL BACKGROUND

On June 29, 2013, Trooper Martin Bibla (hereinafter "Trooper Bibla") met with E███████████████ and his father regarding an incident that had taken place a few days prior

---

[1] 18 Pa.C.S.A. §2709(a)(3)

[FS-14-14]

1

thereto. (N.T., 1/14/2014, p. 17). At that time, Trooper Bibla took a written statement from E███████████████ (Id. at 17). Upon completing the investigation, Trooper Bibla issued a citation directed to the defendant, charging him with one (1) count of harassment. The victim was identified as E██████████████████ (hereinafter "E███").

On October 10, 2013, a hearing was conducted by Magisterial District Judge Edward M. Lewis and Defendant was found guilty of the aforesaid offense. The Magisterial District Court entered judgment against the defendant and imposed fines totaling one hundred dollars ($100.00). On November 7, 2013, the defendant filed a "Notice of Appeal from Summary Criminal Conviction" with this Court.

A trial de novo was held before the undersigned on January 14, 2014. It was established during the trial that E███, a thirteen (13) year old boy, lived with his mother in the Fort Allen apartment building located at 401 Bridge Street, Weissport, Pennsylvania. (Id. at 9). Christopher Blum (hereinafter "Defendant") was employed as the apartment building manager. (Id.) E███ stated that the defendant was in the courtroom and later identified him to be Christopher Blum. (Id. at 9, 16). At the time of the incident referenced in the citation, E███ had lived in the apartment building for a few months and had been to Defendant's apartment several times.

[FS-14-14]

2

(<u>Id.</u> at 10). They had interacted often during the time he lived in the building. (<u>Id.</u>)

E███ testified that a few days prior to June 29, 2013, he had an argument with his mother and ran out of the apartment building. (<u>Id.</u> at 13, 15). He ran into the street screaming profanities and was attempting to "get hit by a car". (<u>Id.</u>) Defendant attempted to calm E███ down. (<u>Id.</u> at 24). Eric stated that he did not want to return to his mother's apartment. (<u>Id.</u>) Defendant invited him to his apartment to "chill out for a little bit." (<u>Id.</u> at 24).

E███ was sitting on the couch when Defendant asked him if he was hungry. (<u>Id.</u> at 11). Defendant went into the kitchen and removed a package of hot dogs from the freezer. (<u>Id.</u> at 12). Defendant then placed one of the hot dogs in his zipper. (<u>Id.</u>) Defendant said "is it bigger than yours or bigger than mine?" (<u>Id.</u>) He then said "you want to bite it off?" and Eric responded "no". (<u>Id.</u>) He asked if E███ was going to spend the night. (<u>Id.</u>) Eric said "no". (<u>Id.</u>) He told E███ that he could sleep in his bed. (<u>Id.</u>) E███ said "no". (<u>Id.</u>) E███ stated that he felt embarrassed by the comments and questions Defendant asked. (<u>Id.</u>) He went back upstairs to his apartment and, in the morning, told his mother what had happened. (<u>Id.</u>)

Defendant's testimony conflicts with E██'s recollection of the incident that took place in Defendant's apartment.

[FS-14-14]

3

Defendant stated that after they went back to his apartment, he asked E██ if he was hungry. (Id. at 24). E██ stated that he was hungry and Defendant went to retrieve hot dogs from the freezer. (Id.) Defendant then claimed that he placed the hot dogs near his navel area so E██ could see them and asked him how many he wanted to eat. (Id.) Defendant stated that E██ started to fall asleep on the couch and told Defendant that he "just want[ed] to go back upstairs" to his mother's apartment. (Id. at 25).

## DISCUSSION

In his "Concise Statement of Matters Complained of on Appeal," Defendant alleges that we erred in the following respects:

1. By not dismissing the citation and sustaining the appeal based upon a defective citation which failed to comply with Pennsylvania Rule of Criminal Procedure 403 concerning the date and time of the incident at issue;

2. By finding the defendant guilty when the defendant was charged with harassment under 75 Pa.C.S.A. §2709(a)(3) which requires a continuing course of conduct;

3. In questioning the victim regarding the identity of the defendant; and

4. In determining that the Commonwealth had met its burden of proving each element of the charge beyond a reasonable doubt.

[FS-14-14]

4

We will address each of Defendant's contentions seriatim.

## I. Defective Citation did not Prejudice Defendant

At the trial de novo, Defendant's counsel objected to the citation and moved for dismissal of the charge on the basis that the evidence presented did not demonstrate that any criminal conduct occurred on June 29, 2013, the date of the offense as listed on the citation. Pennsylvania Rule of Criminal Procedure 109 provides that "a Defendant shall not be discharged nor shall a case be dismissed because of a defect in the form of a complaint, citation, summons, or warrant, or a defect in the procedures of these rules unless the Defendant raises the defect before the conclusion of the trial in a summary case... and the defect is prejudicial to the rights of the Defendant." The requirements for a criminal citation are set forth at Pennsylvania Rule of Criminal Procedure 403 and include "the date and time when the offense is alleged to have been committed." Pa.R.Crim.P. 403(A)(4). Thus, in this case, the "defect" identified by Defendant is that the citation indicates that the offense occurred on June 29, 2013, when in fact the testimony presented at the trial shows that the citation relates to incidents that occurred several days prior thereto.

We agree that the citation in this case is defective, in that it does not contain the actual date of the commission of the offense pursuant to Pennsylvania Rule of Criminal Procedure

[FS-14-14]

5

403(A)(4). We note that the purpose of the citation is to set forth the essential elements of a summary offense so that the defendant has fair notice of the nature of the charges and can properly prepare a defense. Commonwealth v. Borriello, 696 A.2d 1215, 1217 (Pa. Commw. Ct. 1997). Therefore, the issue becomes whether this defect has prejudiced the rights of Defendant in denying him sufficient notice of the charge against him, as well as an opportunity to defend himself against that charge.

"Due process requires that notice be given to the accused of the charges pending against him." Goldberg v. Commonwealth of Pa., State Bd. of Pharmacy, 410 A.2d 413, 415 (Pa. Commw. Ct. 1980). The citation need only show "a summary of the facts sufficient to advise the defendant of the nature of the offense charged, notifying him of the pending prosecution and affording him a chance to defend himself." Commonwealth v. Frye, 516 A.2d 38, 43 (Pa. Super. 1986). The description of an offense on the citation is adequate so long as the defendant is made aware of the nature of the charge. Id. Prejudice will not be established where a defendant may be informed of the nature of the offense through prior events and interactions that may have taken place prior to the issuance of the citation. Commonwealth v. Famiano, 915 A.2d 1273, 1275 (Pa. Commw. Ct. 2007). Where a defendant cannot show prejudice, the charges will not be dismissed due to the defect. Id. Moreover, in situations where

[FS-14-14]

6

a summary citation is defective, prejudice to the defendant will not result where the content of the citation, taken as a whole, prevented surprise as to the nature of the summary offense of which [the] defendant was found guilty at trial, ... or the omission does not involve a basic element of the offense charged. Borriello, supra, at 1217.

The citation issued by Trooper Bibla was dated June 29, 2013. The witnesses testified that the incident had taken place several days prior to the date the citation was issued. Defendant cannot claim surprise. Defendant cannot establish that he did not have sufficient notice of the allegations against him or that he did not have the opportunity to adequately prepare a defense. The citation was dated and issued only a few days after the incident between E███ and the defendant. Defendant should be aware of the nature of the offense due to the close proximity in time of the date of the citation and the interaction with Eric that took place prior to the citation being issued. Furthermore, Defendant was provided a written witness statement prior to the trial. N.T., 1/14/2014, p. 4,6. The date and time of the witness statement was recorded as June 29 2013 at 1:50.pm, the same date and time as the citation. Id. at 6. Defendant retained counsel to assist in preparing his defense. Defendant contacted witnesses to testify on his behalf regarding the incident at both the

[FS-14-14]

7

summary proceeding in magisterial district court and the trial de novo before this Court.

Clearly, the defendant was not prejudiced as a result of the inaccurate date set forth on the citation. Unless a particular date or day of the week is an essential element of the offense, the Commonwealth is not required to prove that the offense was committed on the date set forth in the citation[2]. Commonwealth v. Devlin, 333 A.2d 888, 890 (Pa. 1975). However, the Commonwealth must prove that the offense was committed on another reasonably certain date within the prescribed statutory period[3]. Id. In matters where a child is the alleged victim, "the Commonwealth must be allowed a reasonable degree of flexibility… in ascertaining the date of [a crime] against a young child." Commonwealth v. Groff, 548 A.2d 1237, 1241 (Pa. Super. 1988). Defendant's due process rights will not be violated where the Commonwealth makes "a conscientious effort to present evidence as to the date of the crime from witnesses other than the victim" and restricts the date to a reasonable time period. Id. at 1243.

During the trial, the Commonwealth presented evidence which established that the incident took place only a few days prior

---

[2] A person commits the crime of harassment when, with intent to harass, annoy or alarm another, the person engages in a course of conduct or repeatedly commits acts which serve no legitimate purpose.
[3] Pursuant to 42 Pa.C.S.A. §5552(a), a prosecution for harassment must be commenced within two (2) years after the commission of the crime.

[FS-14-14]

8

to the issuance of the citation. E███ is a thirteen (13) year old boy who felt uncomfortable about his interaction with the defendant. N.T., 1/14/2014, p. 9, 12. He waited until the next day to tell his mother about Defendant's actions. Id. at 12. The incident was reported to Trooper Bibla on June 29, 2013 and the citation was issued on that same date. Id. at 17-18. The Commonwealth was able to prove that there was a reasonably short time period between the incident and the citation being issued. Defendant should have been aware of the nature and events surrounding the citation due to his previous interaction with Eric.

Accordingly, Defendant has failed to establish that he was prejudiced due to the defective citation. Under Devlin, the Commonwealth does not need to prove that Defendant committed an offense on June 29, 2013, the date listed in the citation, for Defendant to be lawfully convicted of the offense of harassment because the date of the commission of that offense is not an essential element of the offense. Thus, the Commonwealth has clearly met its burden to prove beyond a reasonable doubt that Defendant committed the offense of harassment on a date which is reasonably certain and within the prescribed statutory period. Furthermore, because Defendant cannot demonstrate unfair surprise or show that he was otherwise unable to prepare a defense, the variations between the citation and the evidence

[FS-14-14]

presented at trial do not represent a violation of Defendant's due process rights. Subsequently, the evidence presented was sufficient to support the defendant's conviction on a summary charge of harassment.

## II. Continuing Course of Conduct

A person commits the crime of harassment when, with the intent to harass, annoy, or alarm another, the person engages in a course of conduct or repeatedly commits acts which serve no legitimate purpose. 18 Pa.C.S.A. § 2709(a)(3). A "course of conduct" is defined as "a pattern of actions composed of more than one act over a period of time, however short, evidencing a continuity of conduct." 18 Pa.C.S.A. §2709(f). The intent to commit harassment may be inferred from the totality of the circumstances. Commonwealth v. Beck, 441 A.2d 395, 398 (Pa.Super. 1982). Under the proper circumstances, speaking may constitute a continuing course of conduct within the meaning of the statute when a person repeatedly engages in conversation with the intent to alarm, harass or annoy another person. Commonwealth v. Duncan, 363 A.2d 803, 805 (Pa. Super. 1976).

In the instant case, the victim was thirteen (13) years old and was clearly distraught following a heated argument with his mother. The argument caused him to run out into the street in an attempt to be struck by an automobile. N.T., 1/14/2014, p. 13. The defendant invited E█ into his home to calm down and

[FS-14-14]

10

sleep over if he wanted. Id. at 24. Defendant then proceeded to make inappropriate comments and gestures towards E███, causing him to feel uncomfortable. Id. at 12. E███ repeatedly answered Defendant's questions negatively and grew increasingly uncomfortable. Id. Defendant testified that E███ left the apartment and returned home before he had eaten dinner. Id. at 30.

In reviewing the testimony, it is established that Defendant continued the conduct even after it was obvious that the child was becoming increasingly uncomfortable. The conduct only ceased after E███ stated that he wanted to leave and returned home. Id. at 12. The defendant's repetitive questions, lewd comments and gestures establish a continuing course of conduct as defined in the statute.

### III.  The Court's Questioning of Witness

The judge shall interrogate a witness when he conceives that justice would so require. Commonwealth v. Purcell, 589 A.2d 217, 223-24 (Pa. Super. 1991). A judge is permitted to question a witness when an important issue needs to be clarified. Id. at 224. A defendant may be prejudiced if the judge indicates any bias or feelings during the course of questioning. Commonwealth v. Manuel, 844 A.2d 1 (Pa.Super. 2004). A party may object to the court's examining of a witness during questioning. Pa.R.E. 614(c). If a party does

[FS-14-14]

11

not timely object, they fail to preserve that issue for appellate review. Commonwealth v. Smith, 606 A.2d 939 (Pa. Super. 1992).

Defendant's counsel did not object when the Court asked E███ to identify Christopher Blum in the courtroom. N.T., 1/14/2014, p. 16. By not timely objecting, Defendant failed to preserve the issue on appeal. However, even if the defendant had preserved the issue, there would be no finding of prejudice. As trier of fact, the Court is permitted to clarify an important issue, such as the identification of the defendant. The following exchange between the assistant district attorney and E███ had occurred earlier in the trial:

Q: And, E███, do you know Chris Blum?

A: Yes.

Q: Is he in court today?

A: Yes.

N.T., 1/14/2014, p. 9. We later asked E███ to identify Christopher Blum in order to clarify that he was the defendant. This question by the Court does not indicate any bias or feelings towards the witness and does not prejudice the defendant.

## IV. The Commonwealth's Burden to Establish the Elements of the Crime

"If [an] [a]ppellant wants to preserve a claim that the evidence was insufficient, the 1925(b) statement needs to specify the element or elements upon which the evidence is insufficient." Commonwealth v. Williams, 959 A.2d 1252, 1257 (Pa. Super. 2008). Pennsylvania Rule of Appellate Procedure 1925(b) is to be applied "in a predictable, uniform fashion, not in a selective manner dependent on an appellee's argument or a trial court's choice to address an unpreserved claim." Id. When a defendant fails to specifically list the reasons in which he believes the evidence was insufficient to sustain the charges for which the defendant was found guilty, a situation is created in which the claims of the appellee are too ambiguous to be addressed by the trial court. Id. at 1258. Where a defendant does not set forth the elements of the crime for which he is convicted or address the specific elements that were not met, the claim is waived. Commonwealth v. Gibbs, 981 A.2d 274, 281 (Pa. Super. 2009).

Defendant's concise statement did not specify any elements of harassment nor did it address what evidence it was challenging as insufficient for the Commonwealth to have met its burden of establishing the elements of the crime. Therefore, Defendant has waived any contention that the Commonwealth failed

[FS-14-14]
13

to meet its burden of "proving each element of the charge beyond a reasonable doubt."

## CONCLUSION

Based upon the foregoing, we respectfully recommend that Defendant's appeal be denied and that our Order of Sentence entered on January 14, 2014 be affirmed accordingly.

**BY THE COURT:**

Steven R. Serfass, J.

2014 APR 10 PM 2:04
CARBON COUNTY
CLERK OF COURTS
WM. C. MCGINLEY
FILED

CLERK OF COURTS
CODED

APR 10 2014

[FS-14-14]