442 A.2d 1166

COMMONWEALTH of Pennsylvania

v.

Robert STAHL, Appellant.

Superior Court of Pennsylvania.

Argued Dec. 4, 1979.

Filed March 12, 1982.

508

L. Dale Pretz, Pottstown, for appellant.

David E. Fritchey, Assistant District Attorney, Media, for Commonwealth, appellee.

Before SPAETH, CAVANAUGH and O'KICKI, JJ.*

O'KICKI, Judge:

This is an appeal from a Verdict and Order of Sentence of Judgment for the summary offense of disorderly conduct out of the Court of Common Pleas of Delaware County, Pennsylvania.

Two citations were issued against Robert Stahl on December 9, 1978 by Sergeant John W. Francis of the Springfield Township Police Department. These charged him with the violation of 18 Pa.C.S.A. Section 5503 (disorderly conduct)

---

* Pres. Judge Joseph F. O'Kicki, of the Court of Common Pleas of Cambria County, Pennsylvania, is sitting by designation.

and 18 Pa.C.S.A. Section 5507 (obstructing public passage) at or about 2:30 a.m. at the Sportman's Club of Delaware County. At the hearing on January 4, 1979 before District Justice Carl J. Malone, the charge of obstructing public passage was dismissed, appellant was found guilty of disorderly conduct and was fined $300.00.

Mr. Stahl appealed the conviction from the District Justice to the Court of Common Pleas on January 18, 1979. At the beginning of the trial, appellant's counsel objected to the form and the content of the citation. He maintained that appellant was not put on notice of the offense since the citation failed to include any factual allegations of his conduct. The motion was denied and, after trial, appellant was found guilty of disorderly conduct on May 2, 1979 and was sentenced to a $100.00 fine. This appeal was subsequently taken to the Superior Court of Pennsylvania.

This issue evolves from the appeal: Does the weight of the evidence, in fact and in law, support the Trial Court's verdict? Did the citation, as issued to appellant, sufficiently advise him of the offense charged pursuant to Pa.R.Cr.P. 52(1)(e)? Is the citation valid pursuant to Pa.R.Cr.P. 51?

Appellant contends that the evidence presented by the Commonwealth was not enough to convict him of the crime of disorderly conduct. He submits that there was no evidence presented of any act or conduct which constituted the crime and therefore his conviction was improper. He bases this on the notes of testimony wherein the District Attorney responded to the Trial Court's question: "What is the specific act of disorderly conduct?" by saying:

"Your Honor, I think this is a situation where it is taken as an entirety, the continual persistence of Mr. Stahl egging on Mr. Byrne along with his voice patterns, it's sort of a homogenization of a group of sessions . . . which is offensive." (N.T. 84a)

The Trial Court then decided:

"Well, the inferences that I draw are that Mr. Stahl and his party were unhappy at not being admitted and Mr. Stahl being the employer would act as the spokesman, I

tend, therefore, and I do believe the Commonwealth's testimony. I find the defendant guilty." (N.T. 84a) Appellant contends that the Trial Court found him guilty as a result of inferences taken by the Judge and not as a result of any particular act. This, of course, would not be sufficient to convict the accused of a crime. A crime must be based on facts and conditions proved; mere conjecture or surmise is insufficient. *Commonwealth v. Baily,* 448 Pa. 224, 292 A.2d 345 (1972), *Commonwealth v. Leonhard,* 245 Pa.Super. 116, 369 A.2d 320 (1976).

Although mere presence at the scene of a crime without affirmative evidence of participation is insufficient to convict, *Commonwealth v. Garrett,* 423 Pa. 8, 222 A.2d 902 (1966), *Leonhard,* (supra). The Trial Court found that appellant's inferential conduct was sufficient to find guilt.

The Trial Court's determination of credibility is left undisturbed. He occupied a much better position to evaluate the testimony as it was given with regard to witness demeanor etc. In reviewing the sufficiency of the evidence, we must examine the evidence in a light most favorable to the verdict winner, together with all reasonable inferences flowing therefrom. *Commonwealth v. Cimaszewski,* 447 Pa. 141, 288 A.2d 805 (1971), *Leonhard,* (supra). Therefore, in doing this, we dismiss appellant's argument that the inferences taken by the Judge from presented testimony and evidence are not to be considered. The totality of the situation here supports a finding that the appellant actively incited and encouraged the blocking of the doorway, participated in it and defiantly and loudly refused reasonable requests to leave the landing. Public inconvenience, annoyance, and alarm were caused by the hazardous and physically offensive condition they created by defiantly and persistently obstructing the 6′ × 10′ patio/doorway to the club, thereby blocking ingress and egress. They had no legitimate purpose for being there or remaining there; none was a member of the club.

Blocking the doorway to a facility frequented by a number of people is hazardous, creating possibilities of a fire trap, bumping and jostling of patrons and other injuries. The actions of appellant and his friends were "alarming"

both to the bouncer and to the bystander/customers. (N.T. 25a)

Both counsel have touched on the elements of Disorderly Conduct, 18 Pa.C.S.A. § 5503(a)(1), (2), (3), and we acknowledge here that appellant's actions do not meet the test of subsections 1–2–3. However, he was cited particularly for violation of section 5503(a)(4) which required that the offender "create a hazardous or physically offensive conduct by any act which serves no legitimate purpose of the actor."

Although the testimony reveals that there was no profanity used (subsection (a)(3)), that, arguendo, the noise created may not have been "unreasonable" (subsection (a)(2)) and that appellant himself may not have been engaged in fighting behavior (subsection (a)(1)) since Byrne was the physically active participant; appellant's actions, in toto, did create a hazardous or physically offensive condition. His conduct served him no legitimate purpose as demonstrated by our previous recapitulation of the pertinent facts in evidence. These delineate the appellant's role in encouraging and continuing the hazardous condition.

We therefore support the Trial Court in its determination of the credibility of the witnesses. It was correct in finding that the Commonwealth established that appellant committed the offense of disorderly conduct beyond a reasonable doubt.

■ The second issue we treat here is easily disposed of: Was the citation, as issued sufficiently detailed enough to satisfy Pa.R.Cr.P. 52(1)(e)? This rule provides that a citation must include:

A citation of the specific section and subsection of the statute or ordinance allegedly violated, together with a summary of the facts alleged sufficient to advise the defendant of the nature of the offense charged.

The citation here named the charge, specified statutory section indicating time, date and place of the offense and described the offense as follows:

Defendant engaged in conduct which was disorderly and caused public annoyance at the below location.

In reviewing the case of *Commonwealth v. Weed*, 3 D&C 3rd 151 (C.P.Cumb.1977), we must uphold the Commonwealth's position that the summary requirement is meant to "accurately describe the gravamen" of the offense rather than lay out a blow-by-blow description of events. The *Weed* case, id., made the following observation in reference to this:

Although a citation must include a specific section of the statute violated, it need only show a summary of the facts sufficient to advise the defendant of the nature of the offense charged, notifying him of the pending prosecution and affording him a chance to defend himself... This lenient description of the offense is all that is necessary because the defendant must be served upon the issuance of the citation, giving him immediate notification of the alleged infraction when he is best able to observe and recall facts and circumstances surrounding the incident... Thus, we conclude that the description of the offense on a citation is adequate so long as it advises the defendant of the nature of the charge. See, too, *Commonwealth v. Yarnell*, 57 D&C 2d 541 (Lebanon Co. 1972), *Commonwealth v. Colbert*, 56 D&C 2d 419 (Bucks Co. 1972).

We find no serious question that the citation, summary included, advised the appellant of the nature of the charges. Who is better able to know what conduct occurred which requires a defense but the defendant himself, being present at the issuance of the citation? Notice is the operative term here and we find that the summary, as interpreted by *Weed*, supra, was sufficient. The citation, as far as specificity is concerned, was valid.

Now to the heart of the matter. Is the arrest valid either by the on-duty policeman as an arrest for a summary offense or by the off-duty policeman as a citizen's arrest? Stated succinctly, is the arrest valid pursuant to Pa.R.Cr.P. 51?

First, we address the authority of the on-duty officer who issued the citation. Pa.R.Cr.P. Section 51(A)(3)(a) al-

lows issuing a citation to a defendant by "a police officer who shall be in uniform . . . when the offense charged is any other violation of an ordinance or summary offense." There is no question of the officer's authority under this rule. However, the circumstances of this case give rise to the controversy over this matter, the comments to that section (titled "Citation Procedure") state that:

> Evidence upon which a police officer may issue a citation may be received by him in any one of the following ways: a personal observation of the commission of the offense; . . . or his determination based upon his investigation at the scene that he has probable cause to believe the defendant has committed a summary violation.

In testimony, it was stated that the officer came upon the scene when appellant was already up against the wall (N.T. 35a) and that the Sergeant was acting under the direction of a superior officer without conducting an investigation of his own. He merely asked a few questions to obtain some facts for his report (N.T. 38a). This cannot be considered even a cursory investigation. Without such an investigation, there could be no probable cause for the officer to believe appellant's conduct occurred prior to his arrival on the scene and, in fact, the altercation was substantially at an end at the time he arrived. Thus, although the citation was issued by an on-duty police officer, it was not valid pursuant to Pa.R.Cr.P. 51(A)(3)(a) and comments thereto.

In addition, the Commonwealth relies upon Pa.R.Cr.P. 51(A)(3)(c) and 51(C). Although the circumstances here evidence the requirements of section 51(A)(3)(c) in that the arrest was necessary in the judgment of the officer, the officer displayed his badge as a sign of authority and the arrest was authorized by law, the determining factor is that Sergeant Grandizio was out of uniform and off-duty. In addressing that factor, section 51(C) limits the arresting power to a person "given the powers of a public officer when acting within the scope of his employment." This is the operative phrase. When off-duty, the officer was not within the scope of his employment and, the assertion that he was making a citizen's arrest substantiates his knowledge

of his lack of authority. This citizen's arrest in itself was not valid. It is black letter law, reiterated and statutorily defined by Pa.R.Cr.P. 51, that a private citizen may not make an arrest for a summary offense. This rule is "not intended to give powers of arrest to any person who does not otherwise by law possess such powers" and those persons include only "regularly constituted police departments..." and the like. (See comments to that section entitled Person Who May Issue Citations and Make Arrests).

Thus, Sergeant Grandizio was merely acting, in effect, as a doorman, a private citizen without authority in these circumstances to effectuate any type of arrest for a summary offense.

Neither the on- or off-duty police officers, for the reasons discussed above, could arrest appellant for his conduct, disorderly though it may have been. Therefore, based upon a review of the testimony, facts, law, and findings as to the operative issues, we find the Trial Court in error in its verdict of guilty of disorderly conduct and in its imposition of a $100.00 fine.

Accordingly, we reverse.

REVERSED.

SPAETH and CAVANAUGH, JJ., concur in the result.