532 A.2d 865

**COMMONWEALTH of Pennsylvania**

v.

**Wilmer Lee HURST, Appellant.**

Superior Court of Pennsylvania.

Submitted June 15, 1987.

Filed Oct. 15, 1987.

Robert H. Reese, Jr., Lancaster, for appellant.

Yvonne A. Okonieski, Deputy District Attorney, Harrisburg, for Com., appellee.

Before DEL SOLE, MONTEMURO and HESTER, JJ.

DEL SOLE, Judge:

Appellant was charged and found guilty by a district magistrate for Reckless Driving, a violation of 75 Pa.C.S. § 3714. Appellant later filed a summary appeal in the Dauphin County Court of Common Pleas. After a hearing on this matter, Appellant was adjudged guilty of Reckless Driving and received a sentence of 30 days imprisonment along with a $300.00 fine. The instant appeals follow.

Appellant asserts on appeal that the trial court erred in refusing Appellant's oral motion to dismiss inasmuch as the prosecuting state trooper was not acting within his scope of employment at the time the summary offense was commit-

ted. Appellant posits that under these circumstances the trooper was required to file a private complaint rather than issuing a traffic citation. It is also urged on appeal that the trial court committed five instances of error when imposing Appellant's sentence.

Preliminarily, we find it necessary to summarize the sequence of events leading to the instant appeals so that certain procedural improprieties committed at the trial court level may be illuminated. On October 22, 1986, Appellant was found guilty of Reckless Driving by the trial court judge. During the same proceeding, Appellant received his sentence and was notified by the deputy district attorney that he had 10 days in which "to appeal any post-trial motions." (N.T., 10/22/86, 10). Appellant was not advised that an appeal to this Court must be filed within 30 days after sentencing. Thereafter, on November 3, 1986, Appellant filed a motion for a new trial. On the same day, a motion to modify the sentence was filed. In an order dated November 5, 1986, the trial court denied Appellant's motion to modify. In response, Appellant filed his first appeal from the November 5, 1986 order. Later, on January 12, 1987, the trial judge denied Appellant's motion for a new trial. Appellant then filed his second appeal to this Court on February 11, 1987.

 Initially, we point out that the trial judge improperly pronounced verdict and sentence simultaneously. The proper procedure is to permit a defendant to file timely post-trial motions *after* the verdict is rendered, but *before* sentence is imposed. *Commonwealth v. Dalbon*, 296 Pa. Super. 122, 124–125, 442 A.2d 326, 327 (1982). *See* Comment to Pa.R.Crim.P. 1123. However, we note that Appellant did file timely post-trial motions which were eventually ruled upon by the trial court. Thus, Appellant was not prejudiced by this procedural misstep.

 The next area of confusion appearing in the record is the fact that Appellant filed his first appeal from the November 5, 1986 order denying Appellant's motion to modify the sentence. Section 742 of the Judicial Code vests

the Superior Court with exclusive appellate jurisdiction of all appeals from final orders of the courts of common pleas. *See* 42 Pa.C.S.A. § 742. In the criminal context, the judgment of sentence marks the completion of the trial court proceedings. *Commonwealth v. Gumpert,* 354 Pa.Super. 595, 512 A.2d 699, 700 (1986). Thus, with few exceptions, it is the general rule that a criminal defendant may appeal only from a judgment of sentence. *Commonwealth v. Reagan,* 330 Pa.Super. 417, 418, 479 A.2d 621, 622 (1984). Instantly, Appellant advanced his appeal from the trial court's dismissal of the motion to modify the sentence, instead of from the judgment of sentence. Under these circumstances, we would normally quash such an appeal since Appellant's appeal does not originate from a final order.

 Moreover, even if we were to overlook this mislabelling and regard it as an appeal from the judgment of sentence, it appears to be untimely. Appellant was sentenced on October 22, 1986; the appeal under consideration was not filed until November 25, 1986, more than thirty days following sentencing. It is clear that an appeal must be filed within thirty days after entry of the order from which the appeal is taken. Since timeliness of appeal is jurisdictional, we may not enlarge the time for filing the notice of appeal as a matter of grace or indulgence. *Commonwealth v. Smith,* 348 Pa.Super. 10, 14–15, 501 A.2d 273, 275 (1985).

 However, we recognize that a trial judge must advise a defendant on the record at the time of sentencing of the defendant's right to file an appeal and the time within which that right must be exercised. *See* Pa.R.Crim.P. 1405. In the case at bar, the trial judge failed to inform Appellant of his appellate rights. By virtue of this fact, we shall not quash this untimely appeal. *Commonwealth v. Eliason,* 353 Pa.Super. 321, 323, 509 A.2d 1296, 1297 (1986). Likewise, we reach the same decision with respect to Appellant's

second appeal from the trial court's denial of his motion for a new trial.[1]

■ Next, we address the merits of Appellants' arguments raised on appeal. First, Appellant alleges that the traffic citation issued by a Pennsylvania State Police trooper was invalid insofar as the prosecuting officer was not acting within the scope of his employment at the time Appellant committed the summary offense of Reckless Driving. The facts are as follows. On April 18, 1986, Trooper Charles A. Mory, Jr. was returning home from work on Route I–83 when he observed Appellant's tractor-trailer pass his car. Appellant then proceeded to tailgate another vehicle for approximately one or two-tenths of a mile. Appellant then attempted to pass the vehicle; as he did so, Appellant swerved into the vehicle's lane, causing its driver to brake hard in order to avoid a collision. After assessing the situation, Trooper Mory waved Appellant off to the side of the highway. Appellant explained his erratic behavior by stating that he was tired of the manner in which the operator of the vehicle was driving. After obtaining the necessary data from Appellant, the police officer forwarded this information to the district justice, who later issued a summons by mail to Appellant.

Appellant argues that the prosecuting officer did not possess the authority to file a citation with the district justice since he was off-duty at the time the summary offense occurred. Appellant contends that Trooper Mory stood "in the shoes of a private citizen" and was without authority to issue a traffic citation. In support of this position, Appellant relies on Pa.R.Crim.P. 65 which provides that "when the affiant is not a law enforcement officer, the affiant shall institute a criminal proceeding in a summary case by filing a *complaint* with the proper issuing authority." (Emphasis supplied). We disagree.

1. In *Commonwealth v. Picker,* 293 Pa.Super. 381, 384, 439 A.2d 162, 163 (1981), we opined that the proper procedure for litigants to follow under these circumstances would be to file a motion to vacate the improperly imposed judgment of sentence in order to allow for the filing of post-verdict motions.

In *Commonwealth v. Eshelman,* 477 Pa. 93, 383 A.2d 838 (1978), our Supreme Court considered the validity of certain actions taken by an off-duty police officer. In that case, an off-duty policeman was running his dogs across the appellant's grandmother's property without permission. Near the edge of a wooded area the officer noticed an old automobile. He peered through its windows and observed what he suspected to be packages of marijuana being dried. The officer reached inside of the car, extracted one of the unopened packages, and took it to the police station. The parcel was opened and its contents examined; the package indeed contained marijuana. Based on this discovery, a warrant was obtained to search the automobile. During a suppression hearing, it was determined that the off-duty policeman was not acting under the direction of any sovereign or police authority. Therefore, the officer's actions did not constitute an unlawful search and seizure conducted under unlawful authority. The suppression hearing judge held that the officer's search and seizure might have been characterized as a civil trespass by a private citizen. *Id.* at 383 A.2d at 839–840.

Our Supreme Court disagreed and found that the officer, despite being off-duty, was "acting as a police officer when he removed the package and turned it over to the police." Further, it was held that the policeman's conduct was totally inconsistent with the theory that he was merely a private citizen. *Id.* at 383 A.2d at 842. Thus, our Supreme Court refused to analyze the supression issues from the perspective that the search and seizure was performed by a private citizen. *See People v. Martin,* 225 Cal.App.2d 91, 36 Cal.Rptr. 924 (1964) ("police officers outside their jurisdiction, though technically private citizens, regarded as agents of the state on the basis of their conduct"). *See also State v. Brothers,* 4 Or.App. 253, 478 P.2d 442 (1970) ("off-duty police chief who came to home as ambulance operator, returned later that night to search, held a police officer at time of search"). *Id.* at 383 A.2d at 842.

Although the facts in *Eshelman* dealt with suppression issues, we find its holding to be applicable to the case at bar. Presently, Appellant was directed to stop his rig along an interstate highway, which was within the trooper's jurisdiction while on-duty. The record reflects that Trooper Mory was in uniform, with the exceptions of his tie, hat, and service revolver. Likewise, it is undisputed that the trooper conducted himself in an official manner while interviewing Appellant. Later, after speaking to his superior about this occurrence, the officer chose to file a citation with the district magistrate's office himself, rather than transfer the case to another officer based on information received.

We find from these facts that Trooper Mory was acting as a police officer, not as a private citizen, when he stopped Appellant's tractor trailer. Despite Appellant's position to the contrary, the fact that the officer was off-duty does not mean that the trooper's power to conduct official police business automatically ceased. The circumstances attendant to Appellant's delay clearly illustrate that the safeguards which attach to a driver being pulled over by an on-duty police officer were present at all times. Therefore, we disagree with Appellant's contention that the issued citation was null.

■ Appellant cites *Commonwealth v. Stahl*, 296 Pa.Super. 507, 442 A.2d 1166 (1982) for the proposition that the arrest of a defendant by an off-duty police officer is invalid. However, we find that the conclusion reached by this Court in *Stahl* is factually inapplicable to the case at bar. In that case, we considered whether or not an arrest made by an "off-duty policeman *as a citizen's arrest*" was valid. *Id.*, 296 Pa.Superior Ct. at 513, 442 A.2d at 1169. The distinction between the two cases lies in the fact that Trooper Mory acted as a police officer, not as a private citizen, when he executed the citation. Parenthetically, we note that the Opinion in *Stahl* ws authored by one panel member with the remaining two judges concurring in the result. Under these circumstances, that Opinion is of no precedential value.

Further, Appellant's reliance on Pa.R.Crim.P. 65 is misplaced. We find Pa.R.Crim.P. 51(A)(1)(b) to be germane to the disposition of this case. The extant language of Rule 51(A)(1)(b) provided:

[a] citation (rather than a complaint) shall be filed with an issuing authority by a police officer when the offense charged is a violation of a traffic ordinance or is a summary offense under the Vehicle Code, *when the police officer is not in uniform,* or when it is not feasible for him to issue a citation to the defendant, or when evidence is discovered after the issuance of a citation which gives rise to additional summary charges against the defendant resulting from the same incident.

(Emphasis supplied). Section 3714 of the Vehicle Code states that "[a]ny person who drives a vehicle in careless disregard for the safety of persons or property is guilty of reckless driving, a summary offense." *See* 75 Pa.C.S.A. § 3714. Thus, we hold that Trooper Mory acted in conformance with the relevant rules of criminal procedure relating to the institution of proceedings in summary cases.

▆▆▆ Finally, Appellant urges that the trial court committed numerous instances of error in pronouncing sentence. For the following reasons, however, we need not address those particular arguments. The sentence imposed by the trial court was illegal; therefore, we must vacate the judgment of sentence and remand this case for resentencing.[2]

▆▆▆ The Commonwealth aptly points out that the trial court could not properly sentence Appellant to 30 days imprisonment under the applicable statutes. The summary offense of Reckless Driving is contained within the Vehicle Code. Section 6502(b) of the Code provides that "[e]very person convicted of a summary offense for a violation of any of the provisions of this title for which another penalty is not provided shall be sentenced to pay a fine of $25. 75

---

2. We recognize that Appellant does not raise the legality of sentence issue by his appeals. However, illegality of sentence is not waivable and may be raised by this Court *sua sponte. Commonwealth v. Roach,* 307 Pa.Super. 506, 511 n. 2, 453 A.2d 1001, 1003, n. 2 (1982).

Pa.C.S.A. § 6502(b). Subsection (c) further states that "[t]itle 18 (relating to crimes and offenses), in so far as it relates to fines and imprisonment for convictions of summary offenses, is not applicable to this title." 75 Pa.C.S.A. § 6502(c).

Presently, a term of imprisonment is not permitted by § 6502. Likewise, there are no provisions elsewhere in the Code which sanction incarceration as a penalty for Reckless Driving. Therefore, we are constrained to find that Appellant's 30 day prison term is illegal. Moreover, the $300.00 fine imposed by the trial court is greater than the permissible penalty of $25.00 as mandated in § 6502(b) of the Code.

Accordingly, the judgment of sentence is vacated. Case remanded for resentencing. Jurisdiction is relinquished.