J. S33013/15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                     :          PENNSYLVANIA
               v.               :
                                       :
DESHAWN KINSLER,            :          No. 767 EDA 2014
                                       :
             Appellant       :

Appeal from the Judgment of Sentence, January 31, 2014,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0010639-2012

BEFORE:  FORD ELLIOTT, P.J.E. DONOHUE AND LAZARUS, JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:       **FILED AUGUST 10, 2015**

Deshawn Kinsler appeals from the judgment of sentence of January 31, 2014, following his conviction of two counts of aggravated assault and one count each of carrying firearms on public streets or public property in Philadelphia in violation of the Uniform Firearms Act ("VUFA") and possessing an instrument of crime ("PIC").[1]  We affirm the convictions but vacate the judgment of sentence and remand for resentencing.

The trial court, sitting as finder-of-fact in this matter, has summarized the facts as follows:

> On June 7th, 2012, on the 1500 block of North 24th Street in Philadelphia, at roughly 9:15 PM, Alphonso Miles testified he was watching television when he heard a loud crowd of people outside of his home.  Miles stepped outside to see what was

---

[1] 18 Pa.C.S.A. §§ 2702, 6108, & 907, respectively.

causing the commotion, and saw Appellant and Joseph Donaldson III arguing. All three men are associated with rival gangs — Miles and Donaldson are members of The Waterboys, who operate within the Blumberg Projects, while Appellant is a member of the Buckboys, who are based on the 1800 block of Bucknell Street. Appellant is also associated with a subgroup within the Waterboys [sic] called The Hitout Boys.

Miles testified that as he stepped out onto his front porch, Appellant produced a gun and fired three to five times. Miles was struck by two bullets — one in the inside of his right knee and one in his left forearm. He was bandaged by his mother, and brought to the hospital by police. Donaldson was struck by a single bullet on his left forearm and was taken to Hahnemann Hospital by a passing car. Both were treated for their wounds and survived.

Detective Rocks testified that on the evening of June 27, 2012, Appellant was involved in a second gunfight, this time sustaining a gunshot wound to his right arm. A female was also injured in that gunfight. This separate shooting allegedly involved himself and Joseph Donaldson III again. After officers arrived and began to provide aid to Appellant, it was discovered Appellant was wanted for the June 7 shooting, and he was subsequently arrested. Donaldson was eventually arrested for the June 27th shooting.

At trial, the Commonwealth used social media evidence to establish the gang affiliations of Appellant and Donaldson, along with photographic evidence related to the shooting. They produced Facebook, Instagram, and Twitter posts, along with photographs posted to social media which had photographs of Donaldson's injuries and Appellant flashing gang signs and posing in front of gang-related graffiti. Appellant posted "FREE ME N THE REST OF MY HIT OUT BOYZ N BUCK BOYZ," among other gang-related posts to Facebook while Donaldson posted "The Blum stands tall" to Twitter

> along with a picture of the view from his hospital room on July 8, 2012. Also on July 8th, he posted multiple pictures of the gunshot wound with the caption "Bullet shot to the 4arm in & out. I'm around tho."

Trial court opinion, 8/22/14 at 2-3 (citations to the transcript omitted).[2]

Following a bench trial, appellant was found guilty of the above offenses. On January 31, 2014, appellant was sentenced to mandatory minimum sentences of 5 to 10 years' incarceration for each count of aggravated assault, to be run concurrently.[3] The trial court also imposed consecutive sentences of 1 to 2 years for PIC and 2 to 7 years for VUFA, for an aggregate sentence of 8 to 19 years' incarceration.

On February 11, 2014, appellant filed a post-sentence motion for reconsideration of sentence, which was denied the same day. A timely notice of appeal was filed on February 26, 2014. Subsequently, appellant retained new counsel, Donald Chisholm, II, Esq., who also filed notice of appeal on March 11, 2014. On March 21, 2014, the trial court ordered appellant to file a concise statement of errors complained of on appeal within 21 days pursuant to Pa.R.A.P., Rule 1925(b), 42 Pa.C.S.A. (Docket #14.) On April 14, 2014, this court granted prior counsel, William C. Montoya, Esq.'s motions for leave to withdraw as counsel and to withdraw

---

[2] The trial court's opinion is unpaginated; page numbers are by our own count.

[3] 42 Pa.C.S.A. § 9712 ("Sentences for offenses committed with firearms").

the February 26, 2014 appeal as duplicative. (Docket #16.) On April 25, 2014, appellant filed a Rule 1925(b) statement. (Docket #15.) The trial court filed a Rule 1925(a) opinion on August 22, 2014, addressing the issues raised in appellant's concise statement.[4]

Appellant presents the following issues for this court's review on appeal:

> [1.] WHETHER THE COURT ERRE[]D IN SENTENCING DEFENDANT TO TWO (2) TO SEVEN (7) YEARS ON A MISDEMEAN[]OR OF THE FIRST DEGRE[E][?]
>
> [2.] WHETHER THE COURT ERRED IN ALLOWING A CUMULATION [SIC] OF PREJUDIC[I]AL AND OR IRRELEVANT EVIDENCE AT APPELLANT'S TRIAL PREVENTIN[]G HIS RIGHT TO A FAIR TRIAL[?]
>
> [3.] WHETHER THE COURT ERRED AND ABUSED ITS DISCRETION IN SENTENCING APPELLANT OUTSIDE THE ADVISORY SENTENCING GUIDELINES THUS CREATING AN UNNE[C]ESSARY AND UNDUE PUNISHMENT

---

[4] Both appellant and the trial court characterize his April 25, 2014 Rule 1925(b) statement as timely filed. However, by our count, appellant's concise statement was due on or before Friday, April 11, 2014, the 21st day after the trial court's March 21, 2014 Rule 1925 order. There is nothing in the record to indicate that appellant was granted an extension of time within which to file his concise statement. It appears to this court that appellant's Rule 1925(b) statement was untimely filed. However, the trial court addressed the issues raised in its Rule 1925(a) opinion and it is unnecessary to remand. *See Commonwealth v. Thompson*, 39 A.3d 335, 340 (Pa.Super. 2012) ("When counsel has filed an untimely Rule 1925(b) statement and the trial court has addressed those issues we need not remand and may address the merits of the issues presented."), citing *Commonwealth v. Burton*, 973 A.2d 428, 433 (Pa.Super. 2009) (*en banc*). The untimely filing of a Rule 1925(b) statement is considered the equivalent of a complete failure to file; both represent *per se* ineffectiveness of trial counsel. *Id.* at 432-433.

> FOR APPELLANT AFTER FAILING TO CONSIDER
> ALL RELEVANT FACTORS LAWFUL IN THE
> GUIDELINES?

Appellant's brief at 5.[5]

In his first issue on appeal, appellant claims that the trial court's sentence of 2 to 7 years' imprisonment for VUFA is beyond the statutory maximum. "If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction. An illegal sentence must be vacated." **Commonwealth v. Melvin**, 103 A.3d 1, 52 (Pa.Super. 2014).

VUFA was graded as a first-degree misdemeanor punishable by a maximum of 5 years' imprisonment. **See** 18 Pa.C.S.A. § 1104(1) ("A person who has been convicted of a misdemeanor may be sentenced to imprisonment for a definite term which shall be fixed by the court and shall be not more than: (1) Five years in the case of a misdemeanor of the first degree."). Therefore, appellant's sentence for VUFA was illegal and must be vacated. Furthermore, as our decision upsets the trial court's overall sentencing scheme, we will remand for complete resentencing.[6]

---

[5] Additional issues raised in appellant's concise statement and addressed by the trial court, including the weight of the evidence and waiver of his right to a jury trial, have been abandoned on appeal.

[6] We also note that appellant received mandatory 5 to 10-year sentences for aggravated assault under 42 Pa.C.S.A. § 9712 (committing crimes of violence while in visible possession of a firearm). Section 9712 has been held unconstitutional following the United States Supreme Court's decision in **Alleyne v. United States**, ___ U.S. ___, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013). **See Commonwealth v. Ferguson**, 107 A.3d 206 (Pa.Super. 2015). Although no one raises the issue, it is axiomatic that the legality of

Next, appellant claims that the trial court erred in allowing evidence of his gang affiliation with the Buckboys. According to appellant, this evidence was irrelevant, prejudicial, and constituted improper character evidence. We disagree.

"The admission of evidence is in the sound discretion of the trial judge, and will not be disturbed on appeal absent a manifest abuse marked by an error of law." **Commonwealth v. Brown**, 911 A.2d 576, 584 (Pa.Super. 2006), **appeal denied**, 920 A.2d 830 (Pa. 2007), quoting **Commonwealth v. Brennan**, 696 A.2d 1201, 1203 (Pa.Super. 1997) (citations omitted).

Pennsylvania Rule of Evidence 404 provides in relevant part:

> **Rule 404.  Character Evidence; Crimes or Other Acts**
>
> * * *
>
> **(b)  Crimes, Wrongs or Other Acts.**
>
>> **(1)  Prohibited Uses.** Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person

---

an appellant's sentence is non-waivable and may even be raised by this court **sua sponte**. **Id.** at 213 n.4, citing **Commonwealth v. Hurst**, 532 A.2d 865, 869 n.2 (Pa.Super. 1987) (providing that "illegality of sentence is not waivable and may be raised by this Court **sua sponte**"); **Commonwealth v. Cardwell**, 105 A.3d 748, 750 (Pa.Super. 2014) ("issues pertaining to **Alleyne** go directly to the legality of the sentence" (citation omitted)). On remand, the trial court is instructed to resentence appellant on the aggravated assault convictions without reference to any mandatory minimum sentencing statute.

> acted in accordance with the character.
>
> **(2) Permitted Uses.** This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. In a criminal case this evidence is admissible only if the probative value of the evidence outweighs its potential for unfair prejudice.

Pa.R.E. 404(b).

Our Supreme Court has explained:

> Evidence of a defendant's prior criminal activity is inadmissible to demonstrate his bad character or criminal propensity. The same evidence may be admissible for various legitimate purposes, however, provided that its probative value outweighs the prejudicial effect likely to result from its admission, . . . and an appropriate limiting instruction is given. One such evidentiary purpose is . . . to demonstrate the defendant's motive for committing the crime charged.

*Commonwealth v. Collins*, 70 A.3d 1245, 1252 (Pa.Super. 2013), *appeal denied*, 80 A.3d 774 (Pa. 2013), quoting *Commonwealth v. Paddy*, 800 A.2d 294, 307 (Pa. 2002) (citations omitted). *See also Commonwealth v. Reid*, 811 A.2d 530, 550 (Pa. 2002), *cert. denied*, 540 U.S. 850 (2003) ("to be admissible as evidence of motive, the prior bad acts 'must give sufficient ground to believe that the crime currently being considered grew out of or was in any way caused by the prior set of facts and

circumstances'"), quoting **Commonwealth v. Schwartz**, 285 A.2d 154, 158 (Pa. 1971) (emphasis supplied).

Instantly, evidence that appellant and the victims were members of rival gangs went to motive. Appellant was a member of the Buckboys, while Miles and Donaldson were members of the Waterboys. It was established at trial that the Buckboys and the Waterboys are bitter rivals and fight each other over drug territory. This evidence helped establish a motive for the shooting. **Collins**, **supra** (evidence that murder defendant was involved in a drug distribution organization and that victims were involved in a rival organization was not improper evidence of prior bad acts, since it was relevant to show motive).

While appellant argues that the evidence of gang activity was highly prejudicial, we observe that this was a bench trial, not a jury trial. "Even if prejudicial information was considered by the trial court, a judge, as fact finder, is presumed to disregard inadmissible evidence and consider only competent evidence." **Commonwealth v. Fears**, 836 A.2d 52, 71 n.19 (Pa. 2003), citing **Commonwealth v. Davis**, 421 A.2d 179 (Pa. 1980). Indeed, the trial court remarked that, "I think as the trial judge I think I can use that for what it's worth. So, I'll allow it." (Notes of testimony, 10/25/13 at 70.) There is no merit here.

Finally, appellant challenges the discretionary aspects of sentencing, alleging that his aggregate sentence of 8 to 19 years' imprisonment was

manifestly excessive and did not take into account his rehabilitative needs or various mitigating factors. As we are already remanding for complete resentencing, we need not address appellant's discretionary sentencing claim.[7]

Judgment of sentence vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/10/2015

---

[7] We note that in his brief on appeal, appellant completely mischaracterizes the record. For example, in his Pa.R.A.P. 2119(f) statement, appellant claims that he had a prior record score of zero, did not possess a weapon, did not inflict any injury upon the victims, and had no infractions during his time spent in jail awaiting trial. (Appellant's brief at 15-16.) In fact, the record indicates that appellant had a prior record score of 1; that he shot the two victims with a firearm; that both Donaldson and Miles were seriously injured and, without prompt treatment, might have died; and that while in jail awaiting trial, appellant incurred five infractions, including one classified as "critical" in which he used a weapon to inflict injury. (Notes of testimony, 1/31/14 at 9-10.) The trial court also observed that after he was found guilty, appellant was flashing gang signs in the court's direction. (*Id.* at 19-22.) Later in his brief, appellant seems to be referring to a different defendant altogether, a "Mr. Branch." (Appellant's brief at 20.) Appellant's brief is not reflective of careful and proficient appellate advocacy.