J-A15023-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| VAL COLLAN BYRD | : | |
| | : | |
| Appellant | : | No. 1257 WDA 2022 |

Appeal from the Judgment of Sentence Entered August 29, 2022
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0005152-2017

BEFORE:   MURRAY, J., McLAUGHLIN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY McLAUGHLIN, J.:                **FILED:  September 29, 2023**

Val Collan Byrd appeals the judgment of sentence entered following the revocation of his probation. He challenges the sufficiency of the evidence to establish that he committed a violation and contends that the court imposed an illegal sentence. We affirm in part and vacate in part.

Byrd pleaded guilty in 2017 to corruption of minors, and the trial sentenced him to five years' probation.[1] **See** Guilty Plea Colloquy, dated 9/6/17; N.T., Guilty Plea Hearing, 9/6/17. The conditions of probation that the court imposed included: 1) participation in mental health treatment; 2) no use of alcohol; 3) no contact with children under the age of 18; 4) no contact with the victim; 5) no employment that involves contact with children; 6) no use

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 6301(a)(ii).

of pornographic, sexually-oriented, or sexually stimulating materials; and 7) no possession or use of a computer with access to the internet. *See* Charge Specific Special Conditions ("Special Conditions"); N.T., Guilty Plea Hearing, at 6-7. On the Special Conditions form, it also states "you will be required to comply with all of the general rules and regulations of probation." *See* Special Conditions at 3 (unpaginated).

According to the trial court, on August 3, 2018, Byrd signed a form entitled "General Rules and Conditions of Probation, Parole and Intermediate Punishment (Including EM)" ("General Rules Form"). *See* Rule 1925(a) Opinion, filed 12/2/22, at 2. Paragraph 10 of the General Rules Form explains that Byrd cannot "use or possess any controlled substances." *Id.* This form is not in the certified record.

In August 2022, Byrd's probation officer reported that Byrd had violated his probation. At a *Gagnon I* hearing, the probation officer testified that while conducting a field visit, he observed an unopened beer bottle in Byrd's home.[2] A subsequent drug screen produced positive results for cocaine. Byrd then admitted having used cocaine and signed a substance abuse admission form. *See* N.T., VOP Hearing, 8/29/22, at 2-3.

Defense counsel stated that the hearing was "based on a technical violation" for Byrd's first positive urine during his five-year probationary

---

[2] *Gagnon v. Scarpelli*, 411 U.S. 778 (1973); *See Commonwealth v. Stafford*, 29 A.3d 800, 801 n.1 (Pa.Super. 2011) ("A *Gagnon I* hearing is a pre-revocation hearing to determine if probable cause exists that a violation was committed").

sentence. *Id.* at 4. Counsel noted that Byrd took responsibility and "did not deny use[.]" *Id.* at 7. Counsel also stated that Byrd signed the admission form. Counsel maintained that though Byrd was detained based on the zero-tolerance policy, he was not originally sentenced to zero-tolerance probation. *Id.* Counsel asked the court to consider what he characterized as "the extensive conditions of confinement" of Byrd's probation, and stated, "This is his first violation in five years." *Id.* at 14.

The court suggested that "we turn this into a Gag[non] 2" so that it could proceed with sentencing Byrd to a new term of probation. *Id.* at 16. It informed Byrd that he did not have to go forward with the hearing and instead could request that the court schedule the *Gagnon II* hearing.[3] *Id.* at 16-17. Counsel stated that "we would like that opportunity so Mr. Byrd can proceed on to any violation sentence he can *start today*." *Id.* at 17 (emphasis added). The court then proceeded with the hearing, found that Byrd violated his probation, ordered that 300 days of time credit apply towards his violation, and resentenced him to two years' reporting probation "effective today[.]" *Id.* at 18.

The sentencing order read that Byrd was to be confined for a minimum period of 309 days and a maximum period of 309 days and serve a 2-year

---

[3] *See Stafford*, 29 A.3d at 801 n.1 ("a *Gagnon II* hearing is conducted where the Commonwealth is required to establish that the defendant did violate his parole/probation").

probationary term. *See* Order of Sentence – Probation Violation, dated 8/29/22. This timely appeal followed.

Byrd raises the following claims:

I.     Whether the violation of probation court erred in revoking [Byrd's] probation where the Commonwealth failed to produce sufficient evidence establishing what the actual terms and conditions of [Byrd's] probation were and [Byrd] had not been charged with or convicted of a new offense?

II.    Whether the violation of probation court abused its discretion in revoking [Byrd's] probation where the Commonwealth failed to produce sufficient evidence establishing what the actual terms and conditions of [Byrd's] probation were and [Byrd] has not been charged with or convicted of a new offense?

III.   Whether [Byrd's] probation revocation sentence is illegal where the same were imposed without authority because of the Commonwealth's failure to prove that [Byrd] violated any actual terms or conditions of his probation?

IV.    Whether the violation of probation court sentence is illegal when the minimum term of confinement exceeds one half of the maximum term of confinement?

Byrd's Br. at 5-6.

Byrd's first two issues address the sufficiency of the evidence for the revocation of his probation. We will address them together.

"Revocation of a probation sentence is a matter committed to the sound discretion of the trial court, and that court's decision will not be disturbed on appeal in the absence of an error of law or an abuse of discretion." ***Commonwealth v. Parson***, 259 A.3d 1012, 1019 (Pa.Super. 2021). When

considering whether revocation of probation is proper, a trial court "must find, based on the preponderance of the evidence, that the probationer violated a specific condition of probation or committed a new crime to be found in violation." **Commonwealth v. Foster**, 214 A.3d 1240, 1243 (Pa. 2019). We must determine whether all the evidence, when viewed in the light most favorable to the Commonwealth, with all reasonable inferences drawn therefrom, is sufficient to support the conclusion that the probationer violated the terms of their probation. **Commonwealth v. Perreault**, 930 A.2d 553, 557-58 (Pa.Super. 2007). "Only upon the violation of any of the 'specified conditions' in the probation order (general or specific) may a court revoke the defendant's probation." **Foster**, 214 A.3d at 1250; 42 Pa.C.S.A. § 9771(b). Upon revocation of probation, "the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing[.]" 42 Pa.C.S.A. § 9771(b).

Byrd argues that the Commonwealth failed to present any evidence of the terms and conditions of his probation. He notes that at his original sentencing hearing he "had not been advised of any zero-tolerance policy or prohibition of drug use as a condition of probation[.]" Byrd's Br. at 20. He claims that the court erred in revoking his probation because it did not find that he violated a specific condition of his probation or that he committed a new crime. Citing to **Commonwealth v. Koger**, 255 A.3d 1285 (Pa.Super. 2021), *rev'd in part*, 295 A.3d 699 (Pa. May 16, 2023), Byrd states that "[a] sentencing court 'is required to communicate any conditions of probation or

parole as a prerequisite to violating any such condition.'" *Id.* at 16. Byrd also cites *Foster*, noting that "a court may find a defendant in violation of probation only if the defendant has violated one of the 'specific conditions' of probation included in the probation order or has committed a new crime." *Id.* at 15-16 (citing *Foster*, 214 A.3d at 1250). Byrd also maintains that because the condition provided in the General Rules Form was not given as part of his original sentence, "the VOP court could not have found [Byrd] violat[ed] one of the general conditions of probation[.]" *Id.* at 27.

The trial court states that we should conclude that Byrd has waived appellate review of his claims because he did not present these at the revocation hearing. Should we decline to find waiver, the court states that Byrd's issues are meritless because he conceded that he violated his probation. It also notes that Byrd's drug use "violated conditions Number 2 (must obey all laws) and Number 10 (prohibition of drug use)" of the General Rules Form. 1925(a) Op. at 4.

Byrd presented his claims in his Rule 1925(b) statement. *See* Rule 1925(b) Statement, filed 10/18/22, at ¶¶ 24-31. That is enough to preserve the sufficiency challenge, and we decline to find waiver. *Cf. Commonwealth v. Simmons*, 846 A.2d 142, 144 (Pa.Super. 2004) (finding waiver of sufficiency challenge to revocation of probation where appellant failed to raise issue in Rule 1925(b) statement).

To begin, we note that our decision in *Koger* was reversed in part. In *Koger* this Court held that a court may not find that a defendant violated the

- 6 -

conditions of his probation *or parole* unless the court specifically communicated the conditions at the time of sentencing. **Koger**, 255 A.3d 1290-91. The Supreme Court reversed our decision in part, holding that this Court improperly applied the revocation procedures for probation, as explained in **Foster**, to Koger's parole violation. **See Koger**, 295 A.3d at 701, 709. Differentiating **Foster** from **Koger**, the Court stated that **Foster** "was nothing more than a case of statutory construction pertaining to probation" and that "[t]he present case is not about probation; it is about parole." **Id.** at 701, 709.

The instant case is about probation. To find a violation of probation, a trial court "must find, based on the preponderance of the evidence, that the probationer violated a specific condition of probation *or* committed a new crime to be found in violation." **Foster**, 214 A.3d at 1243 (emphasis added).

A sentencing court has the discretion to impose reasonable conditions of probation. **See** 42 Pa.C.S.A. § 9754(b); **Commonwealth v. Sulpizio**, 281 A.3d 352, 361 (Pa.Super. 2022). A general condition of probation is that the defendant lead "a law-abiding life," in other words, that the defendant refrain from committing another crime. **Foster**, 214 A.3d at 1250; **see also** 42 Pa.C.S.A. § 9754(b). "To [e]nsure that general condition is met, or to assist the defendant in meeting that general condition, the order [imposing probation] must also include certain 'specific conditions[.]'" **Foster**, 214 A.3d at 1250.

Here, Byrd admitted to his use of cocaine. His drug use constituted a crime. *See* 35 P.S. § 780-113(a)(16) (prohibiting the use of a controlled substance); 35 P.S. § 780-104(2)(i)(4) (declaring cocaine as a Schedule II controlled substance). As the Court in *Foster* determined, a court may only revoke probation where there is a preponderance of the evidence, "that the probationer violated a specific condition of probation *or* committed a new crime to be found in violation." *Foster*, 214 A.3d at 1243 (emphasis added).

Here, the court determined that Byrd violated his probation by committing a new crime. Furthermore, though the illegal use of drugs was not a specific condition of his probation, his drug use was a violation of the general condition of probation to refrain from committing new crimes. To the extent that the trial court and Byrd cite the General Rules Form, we do not consider it since it was not included in the certified record, nor was it mentioned at the revocation hearing. That failure is no impediment to our affirmance, as Byrd violated the general condition of any sentence of probation: not to commit another crime. The trial court operated within its discretion in revoking Byrd's probation and the evidence was sufficient. *See id.* at 1250 n.13 ("It is clear and unambiguous that central to a sentence of probation is the condition that the defendant remain crime-free"); *Commonwealth v. Mitchell*, 276 A.3d 256 at *5 (Table) (Pa.Super. 2022) (unpublished memorandum) (affirming revocation of probation, "even though refraining from subsequent criminal activity was not set forth specifically as a condition of probation").

Next, Byrd claims that the court imposed an illegal sentence because the Commonwealth failed to prove that he violated his probation. Based on the above, we find this claim meritless. The court acted within its lawful discretion in resentencing Byrd following the revocation of his probation. **See** 42 Pa.C.S.A. § 9771(b).

Byrd's final claim also challenges the legality of his sentence. He maintains that the court imposed a minimum sentence of confinement that was more than half of the maximum sentence, in violation of Section 9756 of the Sentencing Code.[4] **See** 42 Pa.C.S.A. § 9756(b)(1). Both the Commonwealth and the trial court agree that this Court should remand for resentencing.

"[A]n attack upon the power of a court to impose a given sentence is a challenge to the legality of a sentence." **Commonwealth v. Robinson**, 7 A.3d 868, 870 (Pa.Super. 2010). Such a claim presents a question of law, of which our standard of review is *de novo* and our scope of review is plenary. **See Commonwealth v. Weir**, 239 A.3d 25, 30 (Pa. 2020).

When a trial court imposes a sentence of confinement, it must state the minimum and maximum sentence. **See** 42 Pa.C.S.A. § 9756. Additionally, the Sentencing Code requires that the minimum sentence imposed "shall not exceed one-half of the maximum sentence imposed." **Id.** at § 9756(b)(1).

---

[4] Byrd did not present this issue before the trial court. However, because he challenges the legality of his sentence, waiver is not an issue. **See Commonwealth v. Hurst**, 532 A.2d 865, 869 n.2 (Pa.Super. 1987).

Here, the sentencing order provides that Byrd's confinement is for a minimum and maximum term of 309 days followed by two years of reporting probation. Because the minimum sentence is more than half of the maximum sentence, the sentence is illegal pursuant to Section 9756(b)(1). We therefore affirm the finding of a violation, vacate the sentence, and remand for resentencing.

Judgment of sentence affirmed in part and vacated in part. Case remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/29/2023