J-E03004-25                    2026 PA Super 44

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
RASHAN M. GRIFFIN :
:
Appellant : No. 2396 EDA 2023

Appeal from the Judgment of Sentence Entered August 18, 2023
In the Court of Common Pleas of Delaware County
Criminal Division at No: CP-23-CR-0001296-2022

BEFORE: BOWES, J., OLSON, J., STABILE, J., DUBOW, J., KUNSELMAN, J.,
NICHOLS, J., MURRAY, J., McLAUGHLIN, J., and BECK, J.

OPINION BY STABILE, J.:                    **FILED MARCH 6, 2026**

Appellant, Rashan M. Griffin, appeals from the judgment of sentence imposed by the Court of Common Pleas of Delaware County following his conviction for careless driving. He argues that the evidence was insufficient to prove that he drove in careless disregard for the safety of persons or property. Finding merit in his argument, we vacate the judgment of sentence and reverse the conviction.

On January 18, 2022, Pennsylvania State Police Trooper Matthew Treible and his partner responded to a single-vehicle crash that occurred around 1:47 a.m. N.T., Non-Jury Trial 8/18/23, at 13-14. They arrived within 15 minutes and found a vehicle on the side of Route 322 eastbound, approaching the Commodore Barry Bridge. *Id.* The vehicle was beyond the shoulder and guide rail, on a rocky median and at the edge of a steep hill. *Id.* at 14. It was heavily damaged and a fire recently extinguished. *Id.*

Upon the troopers' arrival, Appellant was the only person at the scene and was at the bottom of the embankment. *Id.* at 15. Trooper Treible noted Appellant's speech was slow, low and mumbled, his eyes were red and his breath smelled faintly of alcohol. *Id.* at 16-17. Appellant was stumbling, uncoordinated and sluggish. *Id.* at 17. Trooper Treible asked Appellant to walk up the embankment and return to the roadway so that he could conduct standard field sobriety tests (SFST). *Id.* at 20-25. While administering the SFST's, Trooper Treible observed several indicators of impairment. *Id.* The SFST's were captured on Trooper Treible's dashboard camera, and these videos were admitted during the non-jury trial.

Trooper Treible testified that the stretch of the roadway leading to where the accident occurred was straight and there were no skid marks on the road indicating that the driver attempted to brake or perform an evasive maneuver. *Id.* at 37, 39. The weather was cold and dry, and Trooper Treible did not observe any ice on the road while he traveled to the scene. *Id.* at 15, 21. However, he conceded that it was possible that there was black ice in the area, and he did not see it. *Id.* at 29. He further conceded that if there was black ice on the road, then there would not have been any skid marks. *Id.* at 40.

Based upon the single-vehicle crash, the lack of evidence to indicate the driver attempted to brake or avoid something in the roadway, Appellant's physical appearance (slow speech, red eyes, stumbling) and performance on the SFST's, Trooper Treible believed Appellant was driving under the influence.

*Id.* at 39. The results of a portable breath test indicated a blood alcohol content of .008%. Appellant refused a chemical blood test. *Id.* at 28, 34.

Appellant presented the expert testimony of a medical toxicologist who opined that he could not determine whether Appellant had been impaired at the time of the crash based on his review of the evidence, including the video footage. *Id.* at 81-82. Appellant also testified and stated that he used medicated oral gel prior to the accident. *Id.* at 89-90. He was not asked how the accident occurred.

At the conclusion of the non-jury trial, the trial court found Appellant guilty of summary careless driving, and not guilty of DUI and two other summary offenses. Appellant was sentenced to a fine of $300. Appellant filed a timely notice of appeal, challenging the sufficiency of the evidence to support his careless driving conviction and that the fine exceeded the lawful maximum. A prior divided panel of this Court concluded that the evidence was sufficient, but the fine was unlawful. Thereafter, Appellant was granted *en banc* certification.

Appellant raises the following issues for our review:

I)    Whether the evidence is insufficient to sustain the careless driving conviction since the prosecution at trial failed to prove beyond a reasonable doubt that [Appellant] drove a vehicle in careless disregard for the safety of persons or property[.]

II)   Whether the $300 careless driving fine imposed upon [Appellant] is illegal because it exceeds the applicable $25 statutory amount[.]

Appellant's Brief, at 5.

For a challenge to the sufficiency of the evidence, our standard of review

is:

> whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact, while passing upon the credibility of witnesses and the weight of the evidence produced is free to believe all, part or none of the evidence.

***Commonwealth v. Smith***, 206 A.3d 551, 557 (Pa. Super. 2019) (citation

omitted).

To sustain a conviction for careless driving, the Commonwealth must

prove beyond a reasonable doubt that the defendant drove a vehicle "in

careless disregard for the safety of persons or property." 75 Pa.C.S.A. §

3714(a). "The *mens rea* requirement applicable to § 3714, careless disregard,

implies less than willful or wanton conduct but more than ordinary negligence

or the mere absence of care under the circumstances." ***Commonwealth. v.***

***Gezovich***, 7 A.3d 300, 301 (Pa. Super. 2010).

Appellant contends that the Commonwealth failed to prove the *mens rea* element of careless driving. As found by the trial court, Appellant's "vehicle was traveling on a straight road, and ended up in a ditch, on fire, during a time when there was very little traffic on the roads." ***Id.*** Based upon these sole facts, the trial court found Appellant guilty of careless driving based upon "the nature of the accident, the straight path of the roadway, the vehicle's resting place in a ditch, and the lack of evidence of ice, traffic or other intervening factor." ***Id.*** at 2.

The Commonwealth was required to prove that Appellant drove his vehicle "in careless disregard for the safety of persons or property." 75 Pa.C.S.A. § 3714(a). The sum total of the evidence presented by the Commonwealth and accepted by the trial court to find Appellant guilty of careless driving was the physical evidence of the vehicle and the clear condition of the road. There was no evidence as to how this accident occurred, no statements by Appellant or anyone else as to how the accident occurred, whether there were any factors that may have caused Appellant to veer off the highway, or any other proof to explain this accident. One can only imagine any number of scenarios that could cause a vehicle to leave a highway that are not the result of careless driving. The fact that Appellant's vehicle was heavily damaged and caught fire proves nothing as to why or how this accident occurred.

The mere fact of an accident does not prove negligence, ***Gezovich***, ***supra***, nonetheless the more culpable offense of careless driving. "It is

important to note that motor vehicle accidents occur on a daily basis that are not the result of reckless, or even, careless driving. The mere fact that an accident occurred . . . does not prove, beyond reasonable doubt, that [a defendant] . . . was driving recklessly [or carelessly] prior to running off the road." ***Commonwealth v. Bullick***, 830 A.2d 998, 1005 (Pa. Super. 2003). It is the Commonwealth's burden to prove beyond a reasonable doubt every fact necessary to constitute the crime with which a defendant is charged. ***See Commonwealth v. Smith***, 17 A.3d 873, 908 (Pa. 2011). A defendant "has no duty to present evidence and may instead rely on the presumption of innocence and the Commonwealth's burden of proof." ***Id.*** (citation omitted).

Here, the Commonwealth fell far short of meeting its burden of proof where the only evidence presented to support a conviction of careless driving was the mere occurrence of an accident, damage to the vehicle, and the vehicle's apparent departure from a clear and straight roadway during a winter night. Appellant was acquitted of DUI; therefore, it cannot form the basis of a careless driving charge. The results of the portable breath test indicated a blood alcohol content of .008%, and Appellant refused a chemical blood test. Without evidence of intoxication or impairment, or other indicia as to how the accident occurred, the Commonwealth failed to present evidence to prove Appellant's conduct was "more than ordinary negligence or the mere absence of care" under the circumstances of this case. ***Gezovich***, ***supra.***

Appellant argues that ***Gezovich*** controls and compels this Court to vacate his conviction. We agree. In ***Gezovich***, Pennsylvania State Trooper

Charles A. Miller responded to a traffic accident involving two vehicles. 7 A.3d at 301. When he arrived, both vehicles were moved off to the side and there was debris on the roadway. *Id.* Gezovich told Trooper Miller that she saw the vehicle too late, slammed on her brakes, but struck it anyway. *Id.* No other evidence or witnesses were presented. *Id.* The trial court, believing there was no *mens rea* requirement for careless driving, convicted Gezovich and imposed a fine. *Id.*

On appeal, Gezovich argued that the evidence was insufficient to support the *mens rea* requirement of careless driving. *Id.* In reversing, this Court concluded that the Commonwealth "was required to establish more than mere negligence and more than the mere absence of care in order to convict Appellant of careless driving." *Id.* at 302. We further noted that

> [t]he driver of the vehicle that Appellant struck may have improperly left its lane of travel and pulled in front of her without leaving her sufficient room to stop. The vehicle in question may have abruptly stopped without warning. There is no indication that Appellant was speeding or looking away from the roadway.

*Id.* at 302-03.

Since the Commonwealth failed to present evidence of Appellant's driving prior to the accident, or any evidence of how the accident occurred, we cannot conclude that there is sufficient evidence to support a careless

driving conviction. ***Gezovich, supra.*** Therefore, we vacate the judgment of sentence and reverse the conviction.[1]

Judgment of sentence vacated and conviction reversed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/6/2026

---

[1] Although we do not reach Appellant's second issue based on our disposition, we note that the $300 fine imposed by the trial court was illegal. Careless driving is a summary offense under the Motor Vehicle Code ("MVC"). ***See*** 75 Pa.C.S.A. § 3714. "Every person convicted of a summary offense for a violation of any of the provisions of [the MVC] for which another penalty is not provided shall be sentenced to pay a fine of $25." 75 Pa.C.S.A. § 6502(a). The MVC also specifies that the fines set forth in the Crimes Code for summary offenses are inapplicable to summary offenses under the MVC. 75 Pa.C.S.A. § 6502(c).

The careless driving statute does not specify a penalty unless unintentional death or serious bodily injury occurred. ***See*** 75 Pa.C.S.A. § 3714(b), (c). As that did not occur here, the $25 statutory fine prescribed in Section 6502(a) would apply. ***See Commonwealth v. Hurst***, 532 A.2d 865, 869-70 (Pa. Super. 1987) (reaching same conclusion under prior statute). Therefore, had the conviction for careless driving been sustained, the $300 fine imposed by the trial court would have been unlawful.